545 P.2d 69

**Adela Kakar NUNEZ, a minor, by and through J. Lavell Harper, her Guardian ad Litem, Petitioner,**

**v.**

**Betty C. NUNEZ, Joseph C. Nunez, Jr., Electrical District No. Five, and the Honorable T. J. Mahoney, Respondents.**

**No. 2 CA–CIV 2063.**

Court of Appeals of Arizona, Division 2.

Jan. 22, 1976.

Rehearing Denied Feb. 19, 1976.

Review Denied March 16, 1976.

Miller, Pitt & Feldman, P. C. by Stanley G. Feldman and Jeffrey H. Schwartz, Tucson, for petitioner.

Barber, Haralson & Kinerk by Dale Haralson, Tucson, for respondent Betty C. Nunez.

Maupin & Wilson, by Steven R. Haasis, Phoenix, for respondent Joseph C. Nunez, Jr.

Udall, Shumway, Blackhurst, Allen, Bentley & Lyons by Merle M. Allen, Jr., Mesa, for respondents Electrical District No. Five and the Honorable T. J. Mahoney, Judge.

## OPINION

HOWARD, Chief Judge.

The factual setting of the wrongful death action which is the subject of this special action proceeding is as follows.

Betty Nunez is the surviving spouse of Jose L. Nunez. Nine children are issue of this marriage. Petitioner is the daughter of the decedent and Della Kakar. Joseph C. Nunez, Jr., whose mother is neither Della Kakar nor Betty Nunez, is purported to be the son of the decedent.

In July 1974, Betty Nunez brought an action in Pinal County Superior Court on behalf of herself and her nine children against Electrical District No. Five for the alleged wrongful death of Mr. Nunez. The wrongful death complaint was filed by counsel selected by Mrs. Nunez. Thereafter petitioner, by and through her guardian ad litem, and represented by other counsel, commenced a separate action to recover damages for the death of her father. A motion to dismiss the latter action was subsequently granted and pursuant to stipula-

tion of counsel for Electrical District, petitioner, and Mrs. Nunez, the caption in Mrs. Nunez' wrongful death complaint was amended to read "Betty C. Nunez, surviving spouse of Jose L. Nunez, deceased, in her individual capacity and as statutory trustee for those beneficiaries entitled by law to recover damages for the wrongful death of *Jose L. Nunez, Plaintiff, v. Electrical District No. Five, Defendant*." Thereafter, the record reflected plaintiff's counsel of record to be counsel retained by Mrs. Nunez and counsel retained by petitioner.

A second amended complaint was filed in which both Joseph C. Nunez, Jr. and petitioner were named as surviving children of the decedent and in which both claimed damages for their respective losses resulting from the death of their father. Subsequent to the filing of the second amended complaint, plaintiff's counsel of record consisted of counsel retained by Betty C. Nunez to represent her interests and those of her children, counsel retained by petitioner's guardian ad litem to represent her interests, and counsel retained by Joseph C. Nunez, Jr. to represent his interests. Respondent Electrical District's answer to the second amended complaint alleged inter alia that neither petitioner nor Joseph C. Nunez, Jr. had a right to recover since they were not legitimate children of the decedent. At the pretrial conference, the words "statutory trustee" were ordered stricken from both the caption and the body of the second amended complaint. Thereafter various legal matters concerning the form of verdict were submitted to the respondent court and by minute entry dated November 26, 1975, the court ruled:

"That the matter will proceed to trial on a lump sum verdict, and that in the event of a verdict for Plaintiff, that the division of damages will be submitted to the same jury immediately after;
. . ."

Subsequently on December 3, 1975, the court ruled by minute entry as follows:

"The record may show that to clarify the Court's previous ruling in this matter concerning the lump sum verdict, it is the opinion of the Court that there is only one Plaintiff . . . being Betty C. Nunez, surviving spouse of Joe L. Nunez, who is bringing the action for and on behalf of herself and the eleven surviving children;

that it is the further opinion of the Court that for the purposes of this trial she is the only Plaintiff and that the Court will not allow attorneys for the surviving children to take an active part in this part of the proceeding;

that in the event a verdict is rendered on her behalf and that of the children, it is the intention of the Court to submit the lump sum verdict to the same jury immediately after the verdict is rendered, if any, and at that time the surviving children, by and through their attorneys, will determine the division of the lump sum award."

Petitioner instituted this special action proceeding asking that we order the respondent court (1) to not proceed on a lump sum verdict but rather on a form of verdict which would allow the jury to measure and separately award damages to each beneficiary with reference to the loss sustained by such beneficiary, (2) to not try the apportionment issue separately from and subsequent to the determination of the total amount of damages, and (3) to not preclude petitioner's counsel from participating in the damages determination. Since our statutory and case law governing wrongful death actions lends support to petitioner's position, and we find the respondent court's ruling to be in excess of its jurisdiction, we intervene.

A.R.S. Sec. 12–612, as amended, provides in pertinent part:

"A. An action for wrongful death shall be brought by and in the name of the surviving husband or wife or personal representative of the deceased person for and on behalf of the surviving husband or wife, children or parents, or if none of these survive, on behalf of the decedent's estate.

\* \* \* \* \* \*

C. The amount recovered in an action for wrongful death shall be distributed to the parties provided for in subsection A in proportion to their damages, . . ."

\* \* \* \* \* \*

The measure of damages in wrongful death actions is set forth in A.R.S. Sec. 12–613:

"In an action for wrongful death, the jury shall give such damages as it deems fair and just with reference to the injury resulting from the death to the surviving parties who may be entitled to recover, . . ."

We agree with petitioner that our statutes evidence a legislative intention that each person for whose benefit the wrongful death action is brought be compensated for his or her injury. We find no statutory language precluding the jury to which is entrusted the function of ascertaining "fair and just" damages from determining, via special verdict or otherwise, the specific sum to which each beneficiary is entitled. To require the jury, as the respondent court has done, to initially decide the issues of Electrical District's liability and, if it is liable, the total amount thereof and then resubmit to the jury the apportionment issue, is an exercise in futility. Furthermore, not only would the jury have to decide the damages issue twice, but it is not inconceiveable that its resolution of the apportionment issue would differ from its original assessment of the respective injuries sustained by the individual statutory beneficiaries. Such an anomaly was never intended by the legislature.

The author of the annotation in 14 A.L.R. 516 (1921) states at page 519:

"It may be suggested, in view of the fact that the jury are supposed at least to determine the pecuniary losses suffered by the various statutory beneficiaries, and that their verdict represents the aggregate of those losses, that the provisions of the original Lord Campbell's Act, in so far as they contemplated apportion-

ment or division of the damages by the jury, afford the most logical and practical method of securing to the individual beneficiaries the damages they have been found by the jury to have sustained. Indeed, if the local practice permits, it would seem that a return by the jury of their findings in respect of the losses sustained by the respective beneficiaries might be accepted by the court as the basis of distribution, thus securing harmony between the jury's determination in respect of the damage to any particular beneficiary and the proportion of the gross amount he receives under the order of distribution. Under the method now in vogue in many of the states, whether the statutes of distribution control, or the court bases its order of distribution upon the evidence before it, there is always the danger that the damages which the jury have found were sustained by a particular beneficiary, and which enter into the aggregate represented by their verdict, will be in part diverted to another beneficiary."

Respondent Electrical District insists, however, that a lump sum verdict in a wrongful death action is the only permissible form of verdict. It relies heavily upon California cases in support of its position. See e. g., *Watkins v. Nutting,* 17 Cal.2d 490, 110 P.2d 384 (1941); *Perkins v. Robertson,* 140 Cal.App.2d 536, 295 P.2d 972 (1956); *Plecity v. Keilly,* 44 Cal.App.2d 649, 112 P.2d 960 (1941); *Rickards v. Noonan,* 40 Cal.App.2d 266, 104 P.2d 839 (1940); *Rose v. San Diego Electric Railway Company,* 133 Cal.App. 646, 24 P.2d 838 (1933); *Roach v. Drew,* 72 Cal.App. 45, 236 P. 568 (1925). We have no quarrel with the principles enunciated in these cases and do not find their rationale inconsistent with the position we take here. It is stated in *Changaris v. Marvel,* 231 Cal. App.2d 308, 41 Cal.Rptr. 774 (1964):

"We think that although a single action must be brought by all interested parties, nevertheless each member of the group bringing the action proves his own right to take as an heir, that is to say, his

right to join in the action; and then proves his own damages as such heir. The issues between each member of the group and the tortfeasor defendant are separate from the issues presented by the other members of the group insofar as their right to sue and the amount of their loss be concerned. Although if the plaintiffs in a death action are successful, a judgment is rendered in a lump sum, *that sum is arrived at simply by adding together the awards made to each of the claimants.*" (Emphasis added) 41 Cal.Rptr. at 776–777.

In *Cate v. Fresno Traction Company,* 213 Cal. 190, 2 P.2d 364 (1931), the Supreme Court of California held that it was not reversible error for the trial court to instruct the jury to fix the amount of damages in one lump sum if they found for the plaintiff and further, in the event they found a verdict for the plaintiff, and after they had fixed the damages in one lump sum, to find specially the amount each particular heir was entitled to receive from the total damage found.

In the case of *Gulf, Colorado, & Santa Fe Railway Company v. McGinnis,* 228 U. S. 173, 33 S.Ct. 426, 57 L.Ed. 785 (1912), an action had been brought under the FELA by the administratrix of a deceased employee to recover damages for the benefit of herself and four surviving children. The jury was instructed that if they found for the plaintiff, they were to return a verdict for such a sum as would justly compensate the persons for whose benefit the suit was brought, to find a round sum in favor of the plaintiff and then apportion that sum among all the persons for whom the suit had been brought, i. e., stating, how much, if anything, was found for each person. The jury returned a verdict for $15,000 and apportioned it one-half to the widow and the remainder equally among the four children. The U.S. Supreme Court stated:

"The statutory action of an administrator is not for the equal benefit of each of the surviving relatives for whose benefit the suit is brought. Though the judgment may be for a gross amount, the interest of each beneficiary must be measured by his or her individual pecuniary loss. That apportionment is for the jury to return. This will, of course, exclude any recovery in behalf of such as show no pecuniary loss." 33 S.Ct. at 427.

Other jurisdictions recognize a lump sum jury verdict and apportionment thereof to the respective heirs. See e. g., *Louisville & N. R. Company v. Jolly's Adm'x,* 232 Ky. 702, 23 S.W.2d 564 (1930), cert. den. 282 U.S. 847, 51 S.Ct. 26, 75 L.Ed. 751 (a total verdict of $28,000 apportioned $10,000 to the widow and $4,000, $6,000, and $8,000 respectively to three children); *Finn v. Employers' Liability Assurance Corp.,* 141 So.2d 852 (La.App.1962); *Butler v. Williams,* 133 So.2d 109 (Fla.App.1961); *Hurley v. Hurley,* 191 Okl. 194, 127 P.2d 147 (1942). But see contra, *State v. District Court,* 139 Mont. 367, 364 P.2d 739 (1961).

■ We agree that there is "one action" for damages occasioned by a wrongful death. There is also but one plaintiff, one of the persons designated by statute, and therefore there is but one judgment, the proceeds of which are held by the statutory plaintiff as trustee for the persons on whose behalf the suit was brought. However, although the beneficiaries are not entitled to several judgments, *Plecity,* supra, their respective interests are several and the lump sum verdict and the single judgment entered thereon represent a composite of their respective damages as determined by the trier of fact. We hold, therefore, that petitioner's request that the jury specially find the amount of damages sustained by each beneficiary was erroneously denied.

■ In view of our holding on the apportionment question, it necessarily follows that participation in the trial of this wrongful death action by separate counsel for beneficiaries whose interests conflict, must be allowed.

■ The trial court is vested with great discretion in the conduct and control

of the trial. *Tanner v. Pacioni,* 3 Ariz. App. 297, 413 P.2d 863 (1966). In a multiple-plaintiff or multiple-defendant situation, each party has a right to be represented by counsel of his own choice. Although there is but one plaintiff in a wrongful death action, the respective interests of the persons entitled to be compensated for the loss of the decedent are different and in some circumstances, such as here, may be conflicting. Since we cannot exalt for over substance, it would be contrary to the Code of Professional Responsibility to require a lawyer to represent multiple beneficiaries with differing interests. DR 5–105, Rule 29(a), Rules of the Supreme Court, A.R.S. Vol. 17A. While the respondent court may control the conduct of the trial as in any multi-party litigation, since there is to be one trial on the issue of liability and the damages sustained by the surviving spouse and the surviving children, participation in the trial cannot be limited to one attorney.

The order of the respondent court is hereby vacated with directions to enter an appropriate order in accordance herewith.

KRUCKER, and HATHAWAY, JJ., concur.