696 P.2d 1342

Jose Luis Beltran QUINONEZ, for and on Behalf of himself and Norma QUINONEZ, Hilda Quinonez, and Jose Luis Quinonez, Jr., Plaintiffs-Appellants,

v.

Robert Eugene ANDERSEN, Jane Doe Andersen, his wife; and Roofing Wholesale Company, Inc., a Delaware corporation, authorized to do business in the State of Arizona, Defendants-Appellees.

No. 1 CA–CIV 6421.

Court of Appeals of Arizona, Division 1, Department B.

Sept. 27, 1984.

Reconsideration Denied Jan. 2, 1985.

Review Denied March 19, 1985.

John P. Otto and Marvin Johnson, P.C., Phoenix, for plaintiffs-appellants.

Jack M. Anderson, P.C. and John S. Schaper, Phoenix, for defendants-appellees.

## OPINION

JACOBSON, Chief Judge.

This appeal questions whether error was committed in dismissing, in a wrongful death action, a count of the complaint alleging "negligent entrustment" where negligence in causing the death producing injury was admitted.

This action was commenced by appellant, Jose Luis Beltran Quinonez, for and on behalf of himself and his three minor children, Norma, Hilda and Jose Luis, Jr., against appellees, Robert Eugene Andersen and Andersen's employer, Roofing Wholesale Company, Inc., seeking damages for the wrongful death of Guadalupe Quinonez, Jose's wife and the mother of the minor appellants. This case was subsequently consolidated with a similar action brought on behalf of seven other children of Mrs. Quinonez by a previous marriage (the Garcia children).

Prior to trial, the defendants admitted that Mr. Andersen was negligent in operating a semi-truck owned by his employer by running a red light traffic signal and smashing into an automobile in which Mrs. Quinonez was a passenger. It was also admitted that this negligence was the proximate cause of Mrs. Quinonez' death and that Andersen was in the course and scope of his employment at the time of the accident.

Based upon this admission, the defendants moved to dismiss count two of plaintiffs' complaint which alleged that Roofing Wholesale negligently entrusted the semi-truck to Andersen's operation. The alleged facts surrounding the alleged entrustment theory was that Andersen's previous driving record showed that he had been con-victed of striking an unprotected vehicle and leaving the scene of an accident; cited for failure to control a vehicle; dismissal of a driving while intoxicated charge under the P.A.C. program; conviction of an additional DWI charge; a citation for failure to stop at a red light; two speeding citations; a citation for failure to yield the right of way to a pedestrian and a citation for failure to yield right of way from a private driveway. It was further alleged that Roofing Wholesale had failed to comply with state and federal regulations requiring that it obtain and review Andersen's driving record. Plaintiffs were also prepared to introduce evidence that although the president of Roofing Wholesale was not aware of Andersen's prior driving record, if he had known about it, Andersen still would have been hired to drive for the company.

The trial court granted the motion to dismiss this count. Following this accident, Andersen killed his mistress and was convicted of murder. The trial court precluded any impeachment of Andersen based upon this felony conviction.

The matter was tried to a jury which awarded a total of $165,000.00 to all of the plaintiffs, including the three minor appellants, in the sum of $35,000 each. A zero award was given to Mr. Quinonez. The seven Garcia children have satisfied the judgment in their favor and are not parties to this appeal.

The issue on appeal are:

1.  Did the trial court err in dismissing the negligent entrustment count?

2.  Did the trial court err in refusing to allow impeachment for a felony committed after the accident?

3.  Was the verdict awarding no damages to Quinonez supported by the evidence? and,

4.  Did the trial court properly refuse an instruction on punitive damages?

An additional issue is raised by the appellees, that is, assuming error was committed in the admission of evidence going to damages, can the court grant a new trial on

damages where all the beneficial survivors of Mrs. Quinonez are not before the court?

The appellants' basic contention on appeal is that the trial court erred in dismissing as against Roofing Wholesale, individually, the negligent entrustment count of their complaint. To put this issue into proper perspective, this count is only material in allowing the appellants to bring to the jury's attention Andersen's horrendous driving record. In turn, this evidence would only be material to proving "aggravating circumstances" (that is, punitive damages) under A.R.S. § 12–613 [1], against Roofing Wholesale, individually, as the negligence of its employee and its respondeat superior liability were admitted. We therefore must determine whether "negligent entrustment", is a tort, separate and apart from proof of respondeat superior liability, and, if so, whether evidence, which would prove that negligence, is admissible as an "aggravating circumstance" under A.R.S. § 12–613.

■ Before turning to this determination, we dispose of appellees' contention that no new trial for damages can be held since all of the Garcia children have accepted the verdicts and satisfied the judgments awarded them. Appellees urge that under A.R.S. § 12–612(C), it is not only the jury's function to award damages, but also to apportion those damages among the persons who have a statutory right to participate in the award. The argument continues that in absence of all the parties who are entitled to participate in the award (the Garcia children) the jury in a new damage trial cannot exercise the apportionment· function and therefore no new trial on damages can occur.

We disagree. A.R.S. § 12–612(C) provides, in part:

The amount recovered in any action for wrongful death shall be distributed to the parties ... in proportion to their damages. . . .

The "proportion" of damages which each of the statutory beneficiaries is entitled to recover is not based upon an equal division among the beneficiaries, but that proportionality must be measured by the individual pecuniary loss suffered by each. *Nunez v. Nunez*, 25 Ariz.App. 558, 545 P.2d 69 (1976). The Garcia children, by not appealing and by satisfying the judgment establishing their individual pecuniary interest, are now precluded from contending that the amount of their individual pecuniary loss is more than that which they accepted. *See Shirley v. Mahoney*, 26 Ariz.App. 498, 549 P.2d 593 (1976).

■ However, since the statutory beneficiaries take on an individual loss basis rather than on a pro rata basis, there is nothing in A.R.S. § 12–612(C) which would prohibit an individual beneficiary from contending and proving that he or she was entitled to a greater portion of the award than other like statutory beneficiaries, and, in fact, such a beneficiary is entitled to separate counsel to establish that entitlement. *See Nunez v. Nunez, supra.* This is true even though there is but "one" plaintiff and "one" judgment. *Nunez, Id.*

Likewise, because apportionment is based on individual pecuniary loss, there is nothing in A.R.S. § 12–612(C) which prohibits an individual statutory beneficiary from appealing the inadequacy or evidentiary insufficiency of that individual award, regardless of the merits of an award to other statutory beneficiaries. If the appellants can establish that their individual awards were legally defective, they may obtain a new trial on what they, individually, are entitled to recover, there being no statutory basis that other beneficiaries of the same class are entitled to share in that recovery. We, therefore, hold that the absence of any one of the statutory benefici-

---

1. A.R.S. § 12–613 provides:

In an action for wrongful death, the jury shall give such damages as it deems fair and just with reference to the injury resulting from the death of the surviving parties who may be entitled to recover, and also having regard to the mitigating or *aggravating circumstances* attending the wrongful act, neglect or default. (Emphasis added.)

aries does not preclude initially, or upon a new trial, the jury exercising its statutory function to award individual damages.

■ We now turn to the issue of whether appellants were entitled to present to the jury Andersen's driving record under a theory of negligent entrustment. Appellees contend that Arizona does not recognize a tort of negligent entrustment separate and apart from the theory of respondeat liability. Authority for this position is found in *Lewis v. Southern Pacific Company*, 102 Ariz. 108, 425 P.2d 840 (1967) which stated:

If the defendant employees were actually negligent at the time of the accident and proximately caused the accident, this is sufficient to establish the [employer's] liability. But the failure of an employer to hire only competent and experienced employees does not in and of itself constitute an independent ground of actionable negligence.

*Lewis* can probably be distinguished on the basis that the employees in that case were found by a jury not to have been negligent and therefore the negligence of any employer in hiring such employees was not a proximate cause of the plaintiff's injuries. However, if *Lewis* stands for anything more, we are of the opinion that it no longer represents the law in Arizona on this subject.

■ We recently had occasion to discuss *Lewis* in the context of "negligent hiring" in the case of *Pruitt v. Pavelin*, 141 Ariz. 195, 685 P.2d 1347 (1984) and concluded that the position taken by Restatement (Second) of Torts, is now the law in Arizona. (See Dissent, Jacobson, C.J.)

Section 307 of Restatement (Second) of Torts (1965) provides:

It is negligence to use an instrumentality, whether a human being or a thing, which the actor knows or should know to be so incompetent, inappropriate or defective, that its use involves an unreasonable risk of harm to others.

Comment (d) to the companion section in Restatement (Second) of Agency, § 213 (1952) points out:

Liability results under the rule ... not because of the relation of the parties, but because the employer antecedently had reason to believe that an undue risk of harm would exist because of the employment.

Thus, the liability is direct and not derivative. Normally, it is immaterial to the injured plaintiff whether the deep pocket of the employer is reached through derivative liability or direct liability. However, the issue may become important on the admissibility of evidence and hence, damages in an individual case. For example, it is clear that in establishing whether Andersen was negligent in running the red light, his prior driving record is immaterial. Rule 404, Arizona Rules of Evidence. However, in determining whether Roofing Wholesale employed an incompetent driver, Andersen's driving record and Roofing Wholesale's investigation to determine that record becomes very material. *See Anderson Aviation Sales Company, Inc. v. Perez*, 19 Ariz.App. 422, 508 P.2d 87 (1973).

We therefore reject appellees' contention that appellants received all they were entitled to by having the case submitted to the jury on the theory of respondeat superior.

We likewise reject their contention that a wrongful death action is a monolithic structure incapable of containing more than one theory of negligence at a time. A.R.S. § 12–611 imposes liability if the death of a person "is caused by wrongful act, neglect or default and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action to recover damages in respect thereof...." We hold that Mrs. Quinonez, if she had survived, could have maintained an action against Roofing Wholesale, directly under a § 307, Restatement (Second) of Torts, theory, and under a theory of respondeat superior. The trial court erred in dismissing Count II of appellants' complaint on the belief that such a cause of action does not exist in Arizona.

■ Appellees correctly point out, however, that the evidence which would support a theory of direct liability against Wholesale Roofing, under the circumstances of this case, is only material on the issue of aggravating circumstances affecting punitive damages. The argument continues that this evidence is inadmissible for the purpose of establishing aggravating circumstances because such acts were not involved in the death producing event. In other words, appellees argue that under A.R.S. § 12–613, the only circumstances which the jury may consider as aggravating are those which directly cause death.

Again, we disagree. A.R.S. § 12–613 provides that the jury in arriving at a fair and just award may consider the "aggravating circumstances attending the wrongful act, neglect or default." The "wrongful act, neglect or default" referred to is the event which gives rise to liability under A.R.S. § 12–611. Insofar as Wholesale Roofing's direct liability is concerned, its "wrongful act" was the employment of an incompetent driver. We do not determine here whether the circumstances surrounding that hiring rise to the level of "aggravating circumstances", as the issue of whether even negligence has been shown in this regard has not been determined. Suffice it to say that material evidence on the issue of damages was withheld from the jury, which might bear on the issue of damages awarded in this case. A new trial must be held.[2]

■ We now determine which of the appellants are entitled to a new trial. Appellant Jose Quinonez has contended in this appeal that the jury award of no damages insofar as he is concerned is not supported by the evidence. The record is to the contrary. As previously noted, A.R.S. § 12–613 reserves to the jury to award such damages as are "fair and just." We have also previously noted that the measure of damages depends upon the individual pecuniary loss suffered by each statutory beneficiary.

Evidence was presented that Mr. Quinonez would regularly come home drunk, yell and curse at his wife and beat her with his fists. When the children tried to intercede in these frays, he would throw the children out of the house. Mr. Quinonez told his wife he was going to divorce her and Mrs. Quinonez told her daughter she was going to divorce him. At the time of the fatal accident, Mrs. Quinonez was on her way to bail her husband out of jail.

The evidence also showed that the minor children were now in the home of a relative and that no charges were being made to Mr. Quinonez for this service. Mr. Quinonez did present expert testimony showing economic loss by reason of his wife's death. However, under all of the circumstances, the jury may have concluded that all that Mr. Quinonez lost was a punching bag and a just and fair award for this loss was zero. In our opinion, the evidence justified such an award.

■ Having determined that the jury could have properly concluded that Mr. Quinonez suffered no actual damage as a result of the loss of his wife, it necessarily follows that error in the failure to admit aggravating circumstances evidence was not detrimental as to him. It is now well settled in Arizona that the term "aggravating circumstances" as used in A.R.S. § 12–613, contemplates the imposition of punitive damages in a wrongful death action. *Boies v. Cole*, 99 Ariz. 198, 407 P.2d 917 (1965). It is equally well settled that a party is not entitled to punitive damages in absence of a finding that this same party suffered actual damages. *Hall v. Motorists Ins. Corp.*, 109 Ariz. 334, 509 P.2d 604 (1973).

■ Since the jury properly concluded that Mr. Quinonez suffered no actual damages, any error in not admitting punitive damage evidence is harmless error as to

---

**2.** We are unable to determine what, if any, influence the dismissal of Count II of the complaint had on the appellees' decision to admit respondeat superior liability in this matter. Therefore, appellees on retrial are relieved of this admission.

him. Therefore, a new trial in this matter must be limited to the minors and the judgment as to Mr. Quinonez is affirmed.

In the same vein, appellants' contention that the trial court erred in refusing a separate instruction on punitive damages is not well taken. The trial court instructed the jury in accordance with A.R.S. § 12–613 which included the "aggravating circumstances" language. Having done so, appellants were not entitled to a separate instruction dealing with the same subject matter—punitive damages. *Southern Pacific Company v. Barnes*, 3 Ariz. App. 483, 415 P.2d 579 (1966); *Welch v. McClure*, 123 Ariz. 161, 598 P.2d 980 (1979).

Finally, the appellants contend that the trial court erred in refusing to allow impeachment of Andersen, by reason of his prior felony conviction for a murder occurring after the accident in question. Rule 609, Arizona Rules of Evidence, provides for the admission of a prior felony conviction for the purpose of attacking the credibility of a witness where "the court determines that the probative value of admitting this evidence outweighs the prejudicial effect to the defendant." The admission of such evidence is within the discretion of the trial court. *State v. Watkins*, 133 Ariz. 1, 648 P.2d 116 (1982).

We first note that such evidence which had nothing to do with the Quinonez litigation may be highly prejudicial to the defendant, Roofing Wholesale. Secondly, the appellants do not point out how such evidence would "impeach" Andersen where his negligence in causing the death was admitted. Thirdly, such evidence which goes directly to the character of the individual defendant was immaterial to any issue presented to the jury. *Forquer v. Pinal County*, 22 Ariz.App. 266, 526 P.2d 1064 (1974).

Under these circumstances, we find that the trial court did not abuse its discretion in excluding the felony conviction evidence.

The judgment as to Norma Quinonez, Hilda Quinonez and Jose Luis Quinonez, Jr.

is reversed and the matter remanded for a new trial.

The judgment as to Jose Luis Beltran Quinonez is affirmed.

MEYERSON, P.J., and OGG, J., concur.