715 P.2d 758

**Harry BEGAY and Loretta Begay as surviving parents of Gilbert Begay, deceased, only on Behalf and as next friends of Gilbert Nez Begay, a child of the deceased, Plaintiffs-Appellees,**

v.

**The CITY OF TUCSON, a municipal corporation, Defendant-Appellant.**

**No. 18222–PR.**

Supreme Court of Arizona, En Banc.

March 13, 1986.

Ettinger & Deckter, P.C. by Louis L. Deckter, Daniel C. Gloria, Tucson, for plaintiffs-appellees.

Slutes, Sakrison, Grand & Pelander, P.C. by John Pelander, Tucson, for defendant-appellant.

HOLOHAN, Chief Justice.

The City of Tucson was adjudged liable in a wrongful death action brought by the plaintiffs Begays. The plaintiffs, upon behalf of the child, Gilbert Nez Begay, filed a motion for a new trial on the issue of damages. The trial court granted the motion because the award of damages to the child was inadequate. The City appealed. The Court of Appeals, Division Two, in a memorandum decision (2 CA–CIV 5259, filed May 16, 1985) remanded the case for a new trial on the issues of both liability and damages. The Begays, on behalf of the child, Gilbert Nez Begay, petitioned this court for review. We granted review. We have jurisdiction pursuant to A.R.S. § 12–120.24 and Rule 23, Rules of Civil Appellate Procedure, 17A A.R.S.

The petition for review presents two issues:

1. Did the Court of Appeals err in refusing to uphold the trial court's order limiting a new trial to damages only?

2. Did the Court of Appeals err in failing to consider Begay's argument that any retrial on the issue of liability would be estopped under the principles of *res judicata* and collateral estoppel?

The facts of the case are that on June 20, 1978, the decedent Gilbert Begay died in a one-motorcycle accident at the intersection of West Congress Street and Silverbell Road in Tucson. The decedent's posthumous child, Gilbert Nez Begay, was born in December 1978. Harry and Loretta Begay, decedent's parents, filed a wrongful death action against the City in October 1978 for negligent design, signing and maintenance of the intersection. After the birth of Gilbert he was added as a person for whom damages were sought in the wrongful death action.

Trial of the action took place in June 1984. The City's primary defense to the action was that the deceased was contribu-

torily negligent in driving while under the influence of liquor. The decedent's blood alcohol reading was shown to be .21. The jury returned its verdict

> in favor of the plaintiffs, HARRY and LORETTA BEGAY ... and against the defendant, CITY OF TUCSON, a municipality, and assess[ed] damages as follows:
>
> HARRY and LORETTA BEGAY   $25,000
> GILBERT NEZ BEGAY          $ –0–

Pursuant to Rule 59, Arizona Rules of Civil Procedure, all plaintiffs moved for a new trial as to damages, or for an additur. The trial judge denied the motion for additur by the decedent's parents, but he granted it with respect to the minor child. The trial court reasoned:

> "The evidence fairly construed would indicate that the decedent probably would have contributed to the support of his child; however, if he had not done so, then he would have been ordered to do so or could have been ordered to do so by a court of competent jurisdiction. Pursuant to the Pima County domestic relations child support guidelines, and based on a net income for the decedent of approximately $500.00 per month at the time of his death, that level of child support would be approximately $100.00 per month from the date of the minor child's birth until he reached the age of eighteen years.
>
> "IT IS ORDERED that plaintiffs' motion for a new trial on the issue of damages on behalf of the minor, Gilbert Nez Begay, is GRANTED, unless the defendant accepts an additur in the amount of $25,000."

Minute Entry, July 23, 1984.

Subsequently, the trial court vacated the order because a court can grant an additur only when the jury has awarded some damages. *State v. Burton,* 20 Ariz.App. 491, 496, 514 P.2d 244, 249 (1973). The trial judge thereafter entered an order granting a new trial on the issue of damages to be awarded to the child, Gilbert. The City appealed contesting both the granting of a new trial and the limitation of the retrial to

damages only. The City, however, did not appeal from the judgment against it and in favor of Harry and Loretta Begay.

The Court of Appeals affirmed the granting of a new trial, but the Court of Appeals ruled that the retrial would be on both liability and damages. The Court of Appeals noted that when the issues of contributory negligence and extent of damages are so interwoven, any retrial should not be limited to the issue of damages alone. Slip op. at 3 (citations omitted).

When a trial judge determines a jury's verdict insufficient, the judge may choose to grant a new trial. *Creamer v. Troiano,* 16 Ariz.App. 538, 539, 494 P.2d 738, 739, *vacated on other grounds* 108 Ariz. 573, 503 P.2d 794 (1972). The trial court has broad discretion in granting a new trial. *City of Glendale v. Bradshaw,* 114 Ariz. 236, 238, 560 P.2d 420, 422 (1977); *Carlton v. Emhardt,* 138 Ariz. 353, 357, 674 P.2d 907, 911 (App.1983). An appellate court will not disturb an order granting a new trial unless the probative force of the evidence clearly demonstrates that the decision of the trial judge is a manifest abuse of discretion. *City of Glendale v. Bradshaw, supra.* We are satisfied that the trial judge did not act arbitrarily in granting a new trial to the child of the deceased. The real issue is whether the trial court erred in limiting the new trial to the subject of damages. The resolution of this issue disposes of the appeal.

The City argues that the evidence of contributory negligence by the deceased is too interwoven with that of damages to allow retrial on the issue of damages only, and the new trial must be on all issues. *Saide v. Stanton,* 135 Ariz. 76, 659 P.2d 35 (1983); *Bruce Church, Inc. v. Pontecorvo,* 124 Ariz. 305, 603 P.2d 932 (App.1979); *Anderson v. Muniz,* 21 Ariz.App. 25, 515 P.2d 52 (1973).

Since contributory negligence is a question of fact left solely to the jury, Ariz. Const., art. 18, § 5, the City asserts that there is substantial doubt as to whether the jury resolved that question in the case or simply ignored it to award damages to the elder Begays.

**508**

Ordinarily the position of the City would be sound, but it has overlooked the nature of this case as a wrongful death action and its legal posture in the appellate courts. The City and Court of Appeals focused on the concept of liability and damages having been intertwined. This proposition would be supportable if we were dealing with the child of the deceased as a separate plaintiff. A wrongful death action, however, is one action for damages with one plaintiff and one judgment. *Nunez v. Nunez*, 25 Ariz.App. 558, 545 P.2d 69 (1976); A.R.S. § 12–612. The amount of damages recoverable in the action is distributed to the parents and children of the deceased in proportion to their damages. A.R.S. § 12–612. The proportion of damages which each statutory beneficiary is entitled to recover is not based on an equal division among the statutory beneficiaries. It is based on their individual pecuniary loss suffered by reason of the wrongful death. *Nunez v. Nunez, supra.*

The City did not contest on appeal the judgment which awarded damages to the parents of the deceased. By so doing, the City has left standing the judgment on liability. The new trial granted by the trial judge was on the issue of damages for the child beneficiary. If the City wished to challenge the issue of liability, it was necessary for it to appeal from the single judgment in the case. *See Nunez v. Nunez, supra.* Since it did not appeal from anything other than the order granting a new trial to the child beneficiary, there is no basis for setting aside the single judgment which established liability by the City for its acts.

The fact that there is a single judgment does not, however, preclude an individual beneficiary in a wrongful death action from contending that the amount awarded to him or her is legally inadequate irrespective of the merits of the award to other statutory beneficiaries. *Quinonez ex rel. Quinonez v. Anderson*, 144 Ariz. 193, 696 P.2d 1342 (1985). If a beneficiary can establish that their individual award was legally defective, such a beneficiary is entitled to obtain a new trial on what that beneficiary, individually, is entitled to recover. *Quinonez, supra.*

The child beneficiary in this case was granted nothing. The trial judge, in his discretion, concluded that such a lack of award was legally insufficient. We concluded that there was no abuse of discretion in the trial court's action. We also agree with the trial judge that the only issue to be retried was the amount of damages to be awarded to the child, Gilbert.

The memorandum decision of the Court of Appeals is vacated, and the order of the trial court granting a new trial on the issue of damages is affirmed.

GORDON, V.C.J., and HAYS, CAMERON and FELDMAN, JJ., concur.