156 Ariz. 137 (1987)
750 P.2d 895
Sandra Ellen KNIPP, individually and as Personal Representative of the Estate of Michael Ray Knipp, Deceased, for and on Behalf of herself and on Behalf of Duane Michael Knipp, a minor, and Walter Paul Knipp, a minor, By and Through their Next Friend, Sandra Ellen Knipp, and Georgia Knipp, Plaintiffs/Appellees,
v.
ARIZONA PROPERTY & CASUALTY INSURANCE GUARANTY FUND, Defendant/Appellant.
No. 2 CA-CV 87-0072.
Court of Appeals of Arizona, Division 2, Department A.
July 21, 1987.
Reconsideration Denied October 6, 1987.
Review Denied March 15, 1988.
*138 O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears by Scott E. Boehm, William B. Perkins, Phoenix, for plaintiffs/appellees.
Hastings & Hastings by Susan G. Hastings, Phoenix, for appellee Georgia Knipp.
Black, Robertshaw, Copple & Pozgay, P.C. by Steven D. Copple and Amy L. Rosenthal, Phoenix, for defendant/appellant.
OPINION
HATHAWAY, Judge.
The personal representative and surviving beneficiaries in a wrongful death action (the Knipps) filed a motion for summary judgment, seeking a determination that under A.R.S. § 20-667 the maximum obligation of the Arizona Property & Casualty Insurance Guaranty Fund (the Fund) is $100,000 for each individual statutory beneficiary. The trial court granted the motion and the Fund now appeals, contending that as a matter of law its maximum exposure is $100,000 per wrongful death action. We agree with the Fund and reverse.
The facts are undisputed. Michael Ray Knipp was killed in an airplane accident near McNeal, Arizona, on August 23, 1982. Three insurance policies provided potential coverage. One, issued to the owner of the aircraft by Ideal Mutual Insurance Company, limited its coverage for bodily injury and property damage to $2,000,000 per occurrence. "Occurrence" was defined as "an accident ... which results in injury...." In December of 1984, a New York state court declared Ideal Mutual insolvent. Pursuant to statute, the Fund assumed Ideal Mutual's obligations to the Knipps. A.R.S. §§ 20-661, 20-680.
In part, A.R.S. § 20-667 provides that:
A. The fund is obligated to the extent of the covered claims existing...:
1. Prior to the determination of insolvency....
* * * * * *
B. Such obligation shall include only that amount of each covered claim which is in excess of One Hundred Dollars and is less than One Hundred Thousand Dollars.... In no event shall the fund be obligated to a policyholder or claimant in any amount in excess of the face amount of the policy from which the claim arises.
C. The fund is deemed the insurer to the extent of its obligation on the covered claims and to such extent shall have all rights, duties and obligations of the insolvent insurer as if the insurer had not become insolvent. (Emphasis added)
"Covered claim" is defined as "an unpaid claim ... which arises out of and is within the coverage of an insurance policy to which this article applies...." A.R.S. § 20-661.3.
According to the aircraft owner's policy, the airplane crash was one occurrence, and had Ideal Mutual not become insolvent, its maximum liability would have been $2,000,000. However, the Fund only pays up to $100,000 per covered claim. The insurance policy contains no specific provisions for wrongful death actions. Therefore, the issue is whether "covered claim" refers to the claim of each wrongful death beneficiary or solely to the wrongful death action under the statutory scheme.
Appellant contends that our decision is governed by Herring v. Lumbermen's Mutual Casualty Co., 144 Ariz. 254, 697 P.2d 337 (1985), wherein the beneficiaries of a wrongful death action contended that they each had an individual claim against the required minimum limits in an automobile insurance policy. The court disagreed and held that the financial responsibility laws *139 provided minimum coverage for the individual actually suffering bodily injury or death rather than to each person who might have a damage claim due to the victim's injury. The Herring opinion is distinguishable in that it was resolved under the financial responsibility statutes.
The Knipps urge that Christensen v. Epley, 287 Or. 539, 601 P.2d 1216 (1979), is directly on point. There, the tortfeasors had argued that a cause of action for wrongful death constituted one claim to be pursued by one claimant, and that the number of beneficiaries merely defined the extent and apportionment of damages. The Oregon Supreme Court held that wrongful death beneficiaries were individual claimants under the Oregon Tort Claims Act.[1]Christensen was resolved under the Oregon Tort Claims Act, which cannot be compared to the guaranty fund statutes, and the Oregon Wrongful Death Act, which differs from Arizona's statute.
Arizona caselaw indicates that the wrongful death action itself is the covered claim under in A.R.S. § 20-667. Under Arizona law, a wrongful death action is indisputably one action. Begay v. City of Tucson, 148 Ariz. 505, 715 P.2d 758 (1986). "Arizona's wrongful death act ... confers an original and distinct claim for the damages sustained by named statutory beneficiaries." Huebner v. Deuchle, 109 Ariz. 549, 550, 514 P.2d 470, 471 (1973) (emphasis added). The amount recovered is distributed to the statutory beneficiaries in proportion to their damages. Begay v. City of Tucson, supra; A.R.S. § 12-612.
The recent Arizona Supreme Court case of Arizona Property and Casualty Insurance Guaranty Fund v. Helme, 153 Ariz. 129, 735 P.2d 451 (1987), is also instructive. There, the Fund had undertaken the obligations of an insolvent professional liability insurance carrier. The policy covered each of the insured professional corporations' doctors up to $3,000,000 per "occurrence." The wrongful death beneficiaries (including a surviving spouse and two children) sought to recover the Fund's $100,000 maximum limit for each of two negligence claims that were based on the separate acts of two different doctors. The Arizona Supreme Court ultimately held that the doctors' separate acts constituted two separate occurrences and that the statutory beneficiaries had two covered claims under the guaranty fund statutes, one against each doctor. Although the Helme court did not directly address the question at issue here, it implicitly recognized that under Arizona's statutory scheme, the wrongful death benefiaries had only one covered claim per occurrence. Similarly, the Knipps have but one covered claim arising out of the airplane crash.
Although we agree with appellant's first argument, that a wrongful death action constitutes one covered claim under A.R.S. § 20-667, we do not agree with its other claims. First, appellant contends that pursuant to Arizona Property and Casualty Insurance Guaranty Fund v. Ueki, 150 Ariz. 451, 456-7, 724 P.2d 70, 75-6 (App. 1986), we should hold that any other insurance proceeds that the Knipps received must be set off against the Fund's obligation. Because this issue is raised for the first time on appeal, we decline to address it. Sahf v. Lake Havasu City Association for the Retarded and Handicapped, 150 Ariz. 50, 721 P.2d 1177 (App. 1986). Contrary to appellant's contention that such set-off is "new law" by virtue of the recent decision, Ueki was based on the clear language of A.R.S. § 20-673(C). Second, appellant argues that it should be awarded attorney's fees pursuant to A.R.S. § 12-341.01, which provides for fees to successful parties in disputes arising out of contract. This dispute is based on Arizona's statutes and not on contract, just as appellant argued below.
HOWARD, P.J., and FERNANDEZ, J., concur.
NOTES
[1] See also Gleason v. City of Oklahoma City, 666 P.2d 786 (Okla. App. 1983) (individual wrongful death beneficiaries entitled to recover $50,000 per claimant limit under the Political Subdivision Tort Claims Act.)