820 P.2d 332

**Lance WILLIAMS, Petitioner,**

**v.**

**SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF MARICOPA, Honorable Sherry Hutt, a judge thereof, Respondent Judge,**

**EL ZARIBAH SHRINE TEMPLE, a fraternal organization; El Zaribah Temple Holding Corporation, an Arizona corporation; Imperial Council of the Ancient Arabic Order of the Nobles of the Mystic Shrine, an Iowa corporation; John Does I–X, Jeannette M. Williams, Real Parties in Interest.**

**No. 1 CA–SA 90–254.**

Court of Appeals of Arizona, Division 1, Department E.

June 25, 1991.

Review Dismissed as Moot, Motion to Retain Jurisdiction Denied Dec. 3, 1991.*

---

* Cameron, J., of the Supreme Court, recused himself and did not participate in the determination of this matter.

Terrance D. Dunmire, Phoenix, for petitioner.

Teilborg, Sanders & Parks by David J. Damron, Garrick L. Gallagher, Phoenix, for real parties in interest El Zaribah and Imperial Council.

Dennis Levine and Treon, Strick, Lucia & Aguirre by Richard T. Treon, Cindy H. Strickland, Phoenix, for real parties in interest Jeannette Williams.

## OPINION

GRANT, Chief Judge.

Following hearing on this petition for special action, we granted the relief requested and by order vacated the trial court's granting of a protective order requested by the defendant. We further ordered that petitioner/plaintiff, Lance Williams (Williams), and his counsel be allowed to attend depositions dealing with the liability issue in this case and *participate* only in the damage portion of those depositions. We also ordered that the trial court allow Williams to file pleadings relating to damages and to receive pleadings dealing with both liability and damages. We stated a written opinion would follow. This is that opinion.

## ISSUE

This case presents the issue whether a statutory beneficiary, absent a clear conflict between other beneficiaries, can be prohibited from even *attending* depositions in a wrongful death action. We hold that the statutory beneficiary and his counsel may attend such depositions, but may only *participate* in portions of those depositions relating to the issue of damages.

## FACTS

On March 4, 1989, during the Phoenix Junior Chamber of Commerce's Rodeo of Rodeo's Parade in downtown Phoenix, a go-kart driven by a member of the El Zaribah Shrine Temple Go–Kart Unit collided with the decedent James Williams' go-kart, fatally injuring him. A wrongful death action, pursuant to A.R.S. § 12–612, was filed by Jeannette Williams, the surviving spouse. Petitioner, Lance Williams, the decedent's son and personal representative, retained counsel in order to participate in discovery, including certain depositions relating to issues of liability and damages.

Defendant to the underlying wrongful death action filed a motion for a protective order with the trial court "prohibiting the attendance and participation of counsel for any surviving child [including the petitioner] in any future depositions in this matter." In response, the petitioner argued that he is a party to the action and, as such, is permitted to retain separate counsel and "attend and participate in all depositions and other proceedings in this action." The trial court granted the defendant's motion for protective order, finding that "there is no genuine conflict between Lance Williams and Jeannette Williams as to the liability aspects of this matter." The court further concluded that the ruling did "not preclude the representation of the interest of Lance Williams but he will not be filing pleadings in this matter ... unless they pertain to damages."

Petitioner's subsequent motion for reconsideration was denied. Thereafter, petitioner filed this special action. While this court does not routinely grant special action jurisdiction in discovery matters, *Jolly v. Superior Court*, 112 Ariz. 186, 188, 540 P.2d 658, 660 (1975), we accept jurisdiction in this case because "the subsequent course of litigation may be vitally affected by an erroneous order." *U–Totem Store v. Walker*, 142 Ariz. 549, 551, 691 P.2d 315, 317 (App.1984), *see also Phoenix v. Peterson*, 11 Ariz.App. 136, 462 P.2d 829 (1969).

## DISCUSSION

At the outset, we acknowledge that the petitioner has a right to participate in all facets of this litigation relating to dam-

ages, *Hurt v. Superior Court,* 124 Ariz. 45, 50, 601 P.2d 1329, 1334 (1979); *Quinonez v. Andersen,* 144 Ariz. 193, 196, 696 P.2d 1342, 1345 (App.1985) (the right to counsel and the right to participate in litigation stemming from a wrongful death action extends to beneficiaries over the issue of damages), and where the interests of the beneficiaries conflict. *Nunez v. Nunez,* 25 Ariz.App. 558, 562, 545 P.2d 69, 73 (1976) ("participation in the trial of [a] wrongful death action by separate counsel for beneficiaries whose interests conflict, must be allowed").

The petitioner is not the statutory plaintiff in this wrongful death action. In a wrongful death action the only statutory plaintiff may be a surviving spouse, *or* a personal representative, parent, or guardian. A.R.S. § 12–612(A–B). Since an action brought pursuant to A.R.S. § 12–612 involves only "one plaintiff and one judgment," *Begay v. City of Tucson,* 148 Ariz. 505, 508, 715 P.2d 758, 761 (1986), *Nunez,* 25 Ariz.App. at 562, 545 P.2d at 73 (1976), only the surviving spouse is the proper plaintiff in this case.

■ Nevertheless, the petitioner is still a party with respect to damages. *Austin v. City of Scottsdale,* 140 Ariz. 579, 580–81, 684 P.2d 151, 152–53 (1984) ("That children are not named plaintiffs but are merely beneficiaries does not preclude them from being 'parties' to the litigation."); *see also* A.R.S. § 12–613 (providing damages "to the surviving parties who may be entitled to recover"). As a party to the action, the petitioner cannot be excluded from a deposition dealing with damages without just cause. *Montgomery Elevator Co. v. Superior Court,* 135 Ariz. 432, 434–35, 661 P.2d 1133, 1135–36 (1983), *see also Helfferich v. Farley,* 36 Conn.Supp. 333, 334, 419 A.2d 913, 914 (Conn.Super.Ct.1980) ("The taking of a deposition is a part of the trial and each party to a litigation has an undoubted right to be present at the trial."). Additionally, a party's counsel cannot be excluded from depositions without a showing of just cause. *Lewis R. Pyle Memorial Hosp. v. Superior Court,* 149 Ariz. 193, 197, 717 P.2d 872, 876 (1986). The trial court's pro-

tective order supports this position by allowing the petitioner, represented by counsel separate from the plaintiff, to participate in the litigation with respect to damages.

■ However, by not even allowing the petitioner to *attend* the portions of those depositions dealing with liability, the trial judge abused her discretion. We agree with the petitioner that the issues of damages and liability are inextricable; damages are directly related to the degree of liability on the part of the defendant. Without at least having attended that portion of discovery which establishes the defendant's liability, the petitioner would be unable to make an informed decision as to the appropriate amount of damages he should accept as a result of, for example, a settlement offer. Even access to deposition transcripts would be inadequate, as it would eliminate the opportunity for the petitioner and his counsel to evaluate the worthiness of any settlement offer based upon inferences they would otherwise draw from, among other things, the deponent's demeanor and responses.

While the petitioner and his counsel should be able to attend depositions related to the defendant's liability, we affirm that part of the trial court's order which prohibits the petitioner from *participating* in such discovery. Since the party plaintiff and the petitioner share the same interest, namely to establish the defendant's liability, and since an action brought pursuant to A.R.S. § 12–612 involves "one plaintiff and one judgment," *Begay,* 148 Ariz. at 508, 715 P.2d at 761, *Nunez,* 25 Ariz.App. at 562, 545 P.2d at 73, the petitioner cannot be the party who seeks to establish the defendant's liability.

Allowing access to the depositions, but prohibiting participation with respect to the issue of liability, allows the petitioner, a statutory beneficiary, to make an informed decision regarding any settlement of this matter while preserving judicial economy sought by the policy that only one party should establish liability in a wrongful death action. Accordingly, we grant the

petitioner's relief consistent with this opinion.

Petitioner requested costs in his reply memorandum. Therefore the costs are granted as petitioner is the prevailing party.

VOSS, P.J., and FIDEL, J., concur.