993 P.2d 1087

Michael **GREENWALD**, personal representative of the estate of Michelle Woolley Angeles, for and on behalf of Jesus Angeles, the surviving spouse of Michelle Woolley Angeles, and Robert E. Woolley, Regina Woolley, the surviving parents of Michelle Woolley Angeles, Plaintiffs–Appellees,

v.

**FORD MOTOR COMPANY,**
Defendant–Appellant.

No. 1 CA–CV 98–0045.

Court of Appeals of Arizona,
Division 1, Department E.

May 27, 1999.

Review Denied Nov. 30, 1999.

Snell & Wilmer, L.L.P. by Douglas W. Seitz, Martha E. Gibbs and Patrick X. Fowler, Phoenix, Attorneys for Defendant–Appellant.

Dasse & Vakula, P.C. by Thomas F. Dasse, Scottsdale, Attorneys for Plaintiffs–Appellees.

Bickel & Brewer by Scott S. Hershman, Pro Hac Vice, Dallas, TX, Attorneys for Plaintiffs–Appellees.

## OPINION

THOMPSON, Presiding Judge.

¶ 1 Appellant Ford Motor Company (Ford) appeals from the trial court's denial of sanctions under Ariz. R. Civ. P. 68 (Rule 68). We have jurisdiction pursuant to Ariz.Rev.Stat. Ann. (A.R.S.) § 12–2101(B) and affirm, finding that Ford cannot benefit from the Rule 68 sanctions because its offer did not fully comply with the rule.

## FACTUAL AND PROCEDURAL HISTORY

¶ 2 The driver of a 1991 Ford Explorer died as a result of injuries suffered in a single-vehicle accident, which occurred when she lost control of the vehicle after the tread separated from the left rear tire. The personal representative of the estate, Michael Greenwald, brought suit against Ford, among others, representing the interests of the surviving spouse and parents of the driver. The complaint alleged wrongful death and asserted alternate theories of negligence and strict product liability. The damages sought were both compensatory and punitive.

¶ 3 A little over a year after the complaint was filed, Ford made a Rule 68 offer of judgment to Greenwald for $100,001.00 plus costs accrued.[1] Greenwald never accepted the offer. After a three-week trial, the jury rendered a defense verdict. Ford sought $335,237.40 as sanctions pursuant to Rule 68.[2] The trial court denied the sanctions,

determining that under applicable case law, *Duke v. Cochise County*, 189 Ariz. 35, 938 P.2d 84 (App.1996), the offer of judgment was an unapportioned, lump-sum offer, on which an award of sanctions was not proper. The trial court ordered Ford to submit a revised statement of costs, which it granted in full. Ford timely appealed the final judgment, asserting that the trial court erred in denying it sanctions under Rule 68 on the theory that Ford's offer of judgment was an impermissible unapportioned lump-sum offer.

## DISCUSSION

### I. Standard of Review

¶ 4 Ford asserts that because Rule 68 sanctions are mandatory, the trial court's denial of these sanctions was reversible error. Interpretation and application of a court rule is a question of law, which we review *de novo*. *See Wersch v. Radnor/Landgrant-a Phoenix Partnership*, 192 Ariz. 99, 100, 961 P.2d 1047, 1048 (App.1997). To determine a rule's intent, the rule needs to be read as a whole and given "meaningful operation to all of its provisions." *Id.* (citations omitted).

### II. Rule 68 Offers of Judgment

¶ 5 Rule 68 allows a party to make an offer of judgment. A Rule 68 offer, if accepted, will result in a judgment entered according to the offer. *See* Rule 68(b), (c)(2), and (c)(3). If the offer is not accepted, Rule 68(d) allows the offeror to recover sanctions unless the offeree obtains a judgment equal to, or more favorable than, the Rule 68 offer. However, in order to benefit from Rule 68, the offer must conform to the requirements of the rule. *See Crown Properties, Inc. v. Financial Sec. Life Ins. Co.*, 6 Haw.App. 105, 712 P.2d 504, 510 (1985) (Hawaii's version of Rule 68 does not limit any party's right to tender a non-Rule 68 offer; however, to benefit from the rule, the offer must satisfy the require-

---

1. While the offer of judgment has not been cited as part of the record, the parties do not dispute the terms of the offer as included in the Appendix to Appellant's Opening Brief, Exh. E.

2. The requested fees were later reduced to $294,-618.40 when Ford offered to reduce the amount charged for one expert by one-half because the work may have been transferable to another case.

ments of the rule); *see generally* 49 C.J.S. *Judgments* §§ 188–89, 191 (1997).

¶ 6 The Arizona version of Rule 68 requires certain specificity. First, the offer must contain a specific monetary sum to settle the asserted causes of action. *See* Rule 68(b). Second, the offer must contain a specific monetary sum for attorneys' fees, if any have been sought in the action. *See* Rule 68(c)(1). Third, the offer must be specific enough so that it can be determined, at the time of judgment, whether the offer or the judgment favored the offeree. *See* Rule 68(d) (sanctions required if the judgment "is equal to, or more favorable to the offeror than, the offer"). Lastly, the offer must be specific enough to support entry of a judgment based on acceptance of the offer. *See* Rule 68(b), (c)(2), and (c)(3) (requiring the court to enter judgment upon acceptance of offer); *see also Crown Properties,* 712 P.2d at 510 ("the offer must be such that a judgment in the words of the offer will fully and completely decide that portion or all of the claim or claims toward which the offer is directed"); 49 C.J.S. *Judgments* § 189 (the offer must "leave no fact to be determined in order to authorize the judgment").

¶ 7 Ford argues that its offer did not present problems of apportionment and that *Duke* does not apply. Moreover, Ford notes that the plaintiffs in *Duke* brought other causes of action besides wrongful death.[3] 189 Ariz. at 37, 938 P.2d at 86. Ford argues that the other causes of action brought in *Duke* presented apportionment problems but not the wrongful death action itself, which was a single action involving one plaintiff. *Id.* at 41, 938 P.2d at 90; *see also Begay v. City of Tucson,* 148 Ariz. 505, 508, 715 P.2d 758, 761 (1986) (wrongful death is one action, involving one plaintiff, resulting in one judgment). Likewise, Ford asserts that in the case at bar, plaintiff had not brought multiple causes of action, only alternative theories of recovery. *See Davis v. Cessna Aircraft Corp.,* 168 Ariz. 301, 305, 812 P.2d 1119, 1123 (App.1991) (explaining that strict liability count was not a separate claim from negli-

gence but an alternative theory of recovery); *see also Sisemore v. Farmers Ins. Co. of Arizona,* 161 Ariz. 564, 566, 779 P.2d 1303, 1305 (App.1989) (determining that request for punitive damages was not a separate cause of action).

¶ 8 We agree that there was a single cause of action presented below. However, a wrongful death cause of action requires apportionment if more than one beneficiary is represented in the action. *See* A.R.S. §§ 12–612, 12–613; *see also Nunez v. Nunez,* 25 Ariz.App. 558, 562, 545 P.2d 69, 73 (1976); *Begay,* 148 Ariz. at 508, 715 P.2d at 761. When the jury decides the question of damages for a wrongful death, it assesses the compensation for each beneficiary, aggregates the amount, and apportions the award. *See Nunez,* 25 Ariz.App. at 562, 545 P.2d at 73.

¶ 9 In *Nunez,* Betty Nunez, the surviving spouse of the decedent, brought an action on behalf of herself and her nine children alleging the wrongful death of her husband. *Id.* at 559, 545 P.2d at 70. Two other children of the decedent, whose mothers were not Mrs. Nunez, were also joined in the action. *See id.* at 560, 545 P.2d at 71. The court stated that "our statutes evidence a legislative intention that each person for whose benefit the wrongful death action is brought be compensated for his or her injury." *Id.* at 561, 545 P.2d at 72. The court determined that while a wrongful death gives rise to one action for damages with only one plaintiff and one judgment, the proceeds of such judgment are held in trust by the statutory plaintiff as trustee for the persons on whose behalf the wrongful death suit was brought. *See id.* at 562, 545 P.2d at 73. Although the beneficiaries do not receive separate judgments, the court stated that "their respective interests are several and the lump sum verdict and the single judgment entered thereon represent a composite of their respective damages as determined by the trier of fact." *Id.* A jury must specifically "find the amount

---

**3.** Alternatively, Ford argues that *Duke* should not be applied retroactively. However, we do not find that *Duke* created a new rule of law or that it "grafted an entirely new requirement onto Rule 68." Since the appellate court in *Duke* only interpreted the language of Rule 68, which has not changed, there is no issue of retroactive application here.

of damages sustained by each beneficiary."
*Id.*

¶ 10 If a Rule 68 offer is made in a wrongful death case but lacks apportionment as to the beneficiaries, then it does not conform to the required specificity of the rule, and a judgment could not be entered on the offer if accepted by the plaintiff, as there would be no determination of the specific award made to each beneficiary. Because Ford's offer did not fully comply with the required specificity of the rule, it was not a valid Rule 68 offer,[4] and Ford cannot benefit from the rule.[5] Therefore, we affirm the trial court's refusal to grant Rule 68 sanctions.

¶ 11 Ford also argues that the amount of the offer would have been consumed by plaintiff's legal fees. Therefore, according to Ford, it did not need to apportion the offer because there would have been no money to divide among the beneficiaries. Ford provides no legal authority for its position nor do we find any authority in the language of the rule. For these reasons, we do not find that the specificity of the offer was excused because of the amount of legal fees incurred by the plaintiff.

¶ 12 In addition, Ford asserts that Greenwald never objected to the form of the offer. However, the burden is not on the offeree to determine whether the offer meets the requirements of Rule 68 but rather on the offeror. *See DeMars v. LaPour*, 123 Wis.2d 366, 366 N.W.2d 891, 895 (1985) (where offer of judgment is deficient, offeree need not ask that offer be restated with more specificity). Therefore, we do not find that

the offeree waived the requirements of Rule 68.

## CONCLUSION

¶ 13 For the foregoing reasons, the decision of the trial court is affirmed.

CONCURRING: JEFFERSON L. LANKFORD, Judge, and E.G. NOYES, Jr., Judge.

---

4. In *Sheppard v. Crow–Barker–Paul No. 1 Ltd. Partnership*, 192 Ariz. 539, 549, 968 P.2d 612, 622 (App.1998), we held that *Duke* did not apply to require apportionment between a minor seeking damages for personal injury and a father requesting reimbursement of medical costs, because those "two aspects of an individual personal injury claim ... were divided solely due to [the injured party's] minority." *Sheppard* did not present the same considerations regarding potentially conflicting interests among beneficiaries that are involved in this case.

5. Ford argues that for years, litigants in Arizona have exchanged offers of judgment under the

assumption that it was proper to make unapportioned offers in cases involving multiple claims or parties. In addition, Ford cites *Duke* for the proposition that until that time, "Arizona courts ha[d] not addressed the validity of multiple party, multiple claim offers under Rule 68." 189 Ariz. at 40, 938 P.2d at 89. Whatever the assumption of practitioners may have been previously, the nature of the determinations that must be made in a wrongful death action direct our conclusion that an offer of judgment in such actions must be apportioned among beneficiaries.