697 P.2d 337

Paulette HERRING, Conservator of the Estates of Jerry Craig Herring and Troy Lynn Herring, Minors; and Carol Kirkendall, Conservator of the Estate of Tamara Herring, a Minor, Plaintiffs-Appellants,

v.

LUMBERMEN'S MUTUAL CASUALTY COMPANY, an Illinois corporation, Defendant-Appellee.

No. 17958–PR.

Supreme Court of Arizona, En Banc.

March 27, 1985.

Fred J. Pain, Jr., Phoenix, for plaintiffs-appellants.

Jones, Skelton & Hochuli by Edward G. Hochuli, Phoenix, for defendant-appellee.

FELDMAN, Justice.

We accepted this petition for review to consider a memorandum decision of the court of appeals on an issue of first impression regarding uninsured motorist coverage. *See* Rule 23(c), Ariz.R.Civ.App.P., 17A A.R.S.

Petitioners are the conservators for three minor children of Jerry Herring, who was killed in an automobile accident which occurred July 31, 1979. The inebriated tortfeasor who was responsible for the accident was insured by Dairyland Mutual Insurance Company under a policy containing the minimum limits required by Arizona's financial responsibility law. That law provides that every "automobile liability policy" contain coverage in an amount

"... not less than fifteen thousand dollars because of bodily injury to or death of one person in any one accident and ... to a limit of not less than thirty thousand dollars because of bodily injury to or death of two or more persons in any one

accident, and, ... to a limit of not less than ten thousand dollars because of injury to or destruction of property of others in any one accident."

A.R.S. § 28-1142(C).

Dairyland paid its limit of $15,000, and those proceeds were divided equally among the three surviving children, each of whom was an appropriate beneficiary of the action for wrongful death. A.R.S. § 12-612. Thus, each child received $5,000 in damages.

At the time of his death the father was the owner of an automobile and was covered by his own policy of insurance. That policy was issued by the respondent, Lumbermen's Mutual Casualty Company (Lumbermen's). As required by A.R.S. § 20-259.01, the policy contained uninsured motorist coverage. The version of the statute in effect at the time of the accident stated that such coverage should be in the limits provided by § 28-1142, and was intended

... for the protection of persons insured ... who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom.

A.R.S. § 20-259.01(A).

Each of the minor children is a family member who meets the definition of an "insured" under the Lumbermen's policy. Pointing out that each of the minors received only $5,000 while the minimum coverage limit required by the financial responsibility laws[1] is $15,000, the conservators argue that each child has a claim for $10,000 against the uninsured motorist coverage provided by Lumbermen's. The court of appeals held that the statutes could not be so construed. We agree.

The issue presented is whether the financial responsibility laws should be construed to provide only minimum coverage for each

---

[1] For purposes of reference in this opinion, we include both §§ 28-1142 and 20-259.01 in the term "financial responsibility law," even though the latter is not part of the "Uniform Motor

Vehicle Safety Responsibility Act" enacted in 1951 as chapter 7, title 28, Arizona Revised Statutes.

actual "victim"[2] of an accident, or to provide such coverage for each person who may have a claim for damages because of the injury sustained by the victim.

Petitioners contend that the case is governed by *Porter v. Empire Fire and Marine Insurance Company*, 106 Ariz. 274, 475 P.2d 258 (1970). In *Porter* several persons had been injured in an automobile accident. Because the tortfeasor had minimum coverage, each of the injured victims received only a pro rata share ($2,500) of the insurance available from the tortfeasor's insurance carrier. The question was whether Porter, a victim actually injured in the accident, could recover from his uninsured motorist coverage the difference between his pro rata share of the available liability insurance and the minimum limit of the mandatory insurance coverage. Empire argued that Porter could not do so because the tortfeasor was actually insured and would not, therefore, qualify as an "uninsured motorist." We disagreed, and held that Porter could recover the difference between his actual recovery from the tortfeasor's liability coverage and the minimum coverage amount required by the financial responsibility law. To the extent the tortfeasor's policy did not make available to each claimant the minimum amounts required by A.R.S. § 28–1142, we held that the insured tortfeasor was "uninsured" and each claimant therefore was entitled to proceed against his or her uninsured motorist coverage. *Id.* at 279, 475 P.2d at 263.

We do not retreat from *Porter*, but we do not believe that it governs the present situation. In *Porter*, the claimant was a victim, actually injured in the accident. In the case at bench, the minimum amount guaranteed by the financial responsibility law was available to the victim, Jerry Herring. That amount has been paid. Thus, the question here is not whether minimum coverage was available for each victim injured or killed in the accident, but whether each of several beneficiaries of the claim

for injury or death of a single victim is entitled to look to uninsured motorist coverage for a guarantee of recovery up to the minimum amount. *Porter* did not go that far, nor, in our view, has the legislature.

The distinction between the facts of *Porter* and those before us today goes to the essence of the meaning of "financial responsibility." The purpose of uninsured motorist coverage is to "benefit the injured party to the same degree as if the uninsured motorist had liability insurance available in the amounts set forth in the Financial Responsibility Law." *State Farm Mutual Auto Insurance Co. v. Eden*, 136 Ariz. 460, 462, 666 P.2d 1069, 1071 (1983). Thus, uninsured motorist coverage "is interwoven" with the coverage required by the Safety Responsibility Act pursuant to § 28–1142. *Id.* That statute does not mention a minimum recovery for each person with a damage claim, but only the availability, where "the accident has resulted in bodily injury or death, [of] a limit ... of not less than fifteen thousand dollars because of bodily *injury to or death of one person* in any one accident...." A.R.S. § 28–1142(C) (emphasis supplied).

We believe that the phrase quoted contemplates a minimum limit available for each person actually injured or killed and not for each person with a damage claim. The latter construction would vastly expand the mandated coverage. It would, for instance, allow a wife with a claim for loss of consortium resulting from bodily injury inflicted upon her husband to satisfy her claim from the increased coverage available by statute where there has been injury to or death of "two or more persons in only one accident." Similarly, under facts such as those in the case at hand, when the claims of parents, children, spouse, and any other survivor recognized under the wrongful death statute exhaust the liability coverage, each survivor could claim against his or her respective uninsured motorist coverage. We believe that such a broad interpretation of the statute goes much further

---

**2.** We use the word "victim" in this opinion to refer to a person who suffers bodily injury, "including death" (A.R.S. § 20–259.01(A)), in a motor vehicle accident.

than has ever been indicated by the decisions of this court and is unsupported by any discernible legislative intent. More importantly, the various statutes enacted by the legislature do not reveal that it intended so broad an objective as to guarantee availability of a minimum amount to everyone entitled to maintain a damage action for injuries sustained by another.

■ Petitioners argue that such a result would make better sense and would further desirable social objectives. That may be so, but such an argument has little force except on issues involving the adjudication of individual disputes or common law rights. The decision to require purchase of a certain type and amount of insurance, together with the regulation of the insurance industry, is a matter for legislative, not judicial, determination.

■ We hold, therefore, that the beneficiaries of this death action have no claim against their uninsured motorist coverage.

The statutes, properly interpreted, require that a minimum amount of coverage be available to each person actually injured or killed; to the extent it is not so available, each person who sustains bodily injury has a claim against his or her uninsured motorist coverage. *Porter, supra.* There is no requirement that such a fund be available to each person with a derivative damage claim.

The judgment of the trial court, denying relief, is affirmed. The memorandum decision of the court of appeals is approved.

HOLOHAN, C.J., GORDON, V.C.J., and HAYS and CAMERON, JJ., concur.