785 P.2d 114

**Buddy STILLMAN and Alberta Stillman, husband and wife, Plaintiffs–Appellants,**

v.

**AMERICAN FAMILY INSURANCE and American Standard Insurance Company of Wisconsin, foreign corporations doing business in Arizona; Alonzo D. Chavez and Alice T. Chavez, husband and wife, Defendants–Appellees.**

No. 1 CA–CV 88–396.

Court of Appeals of Arizona, Division 1, Department B.

Jan. 4, 1990.

maximum for bodily injury sustained by two or more persons in any one occurrence.

The policy defined bodily injury as "bodily injury to or sickness, disease or death of any person."

Danny Stillman incurred medical expenses in excess of $100,000, and American paid him $100,000. The Stillmans, however, contend that they were dependent on Danny at the time of the accident, and that as a result of Danny's injuries they have suffered a loss of consortium. They sought a declaratory judgment that American's policy provided coverage for their loss of consortium claims up to the maximum $300,000 for "each occurrence," above the "each person" maximum liability of $100,000 for Danny's injuries. Upon the parties' cross-motions for summary judgment, the trial court entered judgment in favor of American, finding that the "each person" limit of liability had been paid for compensatory damages arising out of the bodily injury suffered by Danny Stillman.

Vermeire, & Turley, P.C. by Albert R. Vermeire and Richard N. Crenshaw, Phoenix, for plaintiffs-appellants.

Holloway & Thomas, P.C. by Benjamin C. Thomas and Thomas P. Burke, II, Phoenix, for defendants-appellees.

JACOBSON, Judge.

This appeal examines whether loss of consortium claims resulting from injuries suffered by a victim in a motor vehicle accident are covered by the negligent driver's liability insurance policy under the "each occurrence" limit when the "bodily injury sustained by one person" limit of liability has been paid to the victim.

## FACTS

For purposes of appeal, the facts are undisputed. Danny Stillman, the adult son of appellants Buddy and Alberta Stillman (the Stillmans), was seriously injured in a motor vehicle accident caused by Alonzo D. Chavez. Chavez had motor vehicle insurance issued by appellee, American Family Insurance (American). The policy provided liability coverage of $100,000 for "each person" and $300,000 for "each occurrence." It stated in its liability section:

We will pay compensatory damages an insured person is legally liable for because of bodily injury and property damage due to the use of a car or utility trailer.

Under the limits of liability section, the policy explained:

The limits of liability shown in the declarations apply subject to the following:
1. The bodily injury liability limit for "each person" is the maximum for bodily injury sustained by one person in any one occurrence.
2. Subject to the bodily injury liability limit for "each person," the bodily injury liability limit for "each occurrence" is the

## DISCUSSION

There is no doubt in Arizona that loss of consortium claims can be maintained in appropriate situations for negligent injury to family relations. *Howard Frank, M.D., P.C. v. Superior Court*, 150 Ariz. 228, 230, 722 P.2d 955, 957 (1986) (parents of adult children); *Reben v. Ely*, 146 Ariz. 309, 705 P.2d 1360 (App.1985) (parents of minor children); *City of Glendale v. Bradshaw*, 108 Ariz. 582, 503 P.2d 803 (1972) (spouses). While the Stillmans have argued this issue extensively, the issue on appeal is not whether the Stillmans have a viable claim against Chavez, but rather whether their viable claim against Chavez is covered by his liability insurance.

The Arizona Supreme Court addressed a similar issue in the context of uninsured coverage in *Herring v. Lumbermen's Mutual Cas. Co.*, 144 Ariz. 254, 697 P.2d 337 (1985). In that case, the tortfeasor's insured paid to the decedent's three surviving children the maximum limits of its liability ($15,000, or $5,000 for each child).

The children then sued the victim's insurer, Lumbermen's, contending that they each had a claim for $10,000 against the uninsured motorist coverage provided by Lumbermen's, in addition to the $5,000 they each received from the negligent driver's liability insurer. A.R.S. § 28–1142(C)[1] required $15,000 minimum coverage "because of bodily injury to or death of one person in any one accident...." The court stated:

The children then sued the victim's insurer, Lumbermen's, contending that they each had a claim for $10,000 against the uninsured motorist coverage provided by Lumbermen's, in addition to the $5,000 they each received from the negligent driver's liability insurer. A.R.S. § 28–1142(C)[1] required $15,000 minimum coverage "because of bodily injury to or death of one person in any one accident...." The court stated:

> We believe that [A.R.S. § 28–1142(C)] contemplates a minimum limit *available for each person actually injured or killed* and not for each person with a damage claim. The latter construction would vastly expand the mandated coverage. It would, for instance, allow a wife with a claim for loss of consortium resulting from bodily injury inflicted upon her husband to satisfy her claim from the increased coverage available by statute where there has been injury to or death of "two or more persons in only one accident."

144 Ariz. at 256, 697 P.2d at 339 (emphasis added). It concluded:

> The statutes, properly interpreted, require that a minimum amount of coverage be available to each person actually injured or killed; to the extent it is not so available, each person who sustains bodily injury has a claim against his or her uninsured motorist coverage.... There is no requirement that such a fund be available to each person with a derivative damage claim.

*Id.* at 257, 697 P.2d at 340 (citation omitted).

The same issue was subsequently considered by the court of appeals in the context of underinsured motorist coverage. In *Campbell v. Farmers Ins. Co. of Arizona,* 155 Ariz. 102, 745 P.2d 160 (App.1987), the decedent's surviving wife and children asserted they were all entitled to the "each person" limit of the policy's underinsured motorist coverage, up to the "each accident" maximum coverage provided by the policy, on the premise that their loss of consortium claims were bodily injuries sustained in the accident. The policy in *Campbell* provided:

> The limit for 'each person' is the maximum for bodily injury sustained by any person in any one accident. Any claim for loss of consortium or injury to the relationship arising from this injury shall be included in this limit.

*Id.* at 103, 745 P.2d at 161. Bodily injury was defined as "bodily injury to or sickness, disease or death of any person." *Id.* at 104, 745 P.2d at 162. After an exhaustive analysis of *Herring* and cases from other jurisdictions primarily involving liability coverage, the court in *Campbell* concluded that, despite *Herring*'s reliance on a statute with language different from the policy at issue, the *question* was the same:

> [W]hether each of several beneficiaries of the death of a single victim has a claim separate from that of the victim, or, in other words, whether claims for "derivative" damages are separate "bodily injury" claims apart from claims for "bodily injury" suffered by the person involved in the accident.

*Id.* at 106, 745 P.2d at 164. This court concluded:

> Although the language may differ, the *Herring* court's differentiation between the victim and those having "derivative" claims applies here. Although not as express, the Farmers policy includes derivative type claims within the "each person" limit.

*Id.* at 106–07, 745 P.2d at 164–65.

Several months later, in *Green v. Mid–America Preferred Ins. Co.,* 156 Ariz. 265, 751 P.2d 581 (App.1987), this court was presented with a case similar to *Campbell,* but the operative policy language was different. The *Green* policy provided:

> The limit of liability shown in the Schedule or in the Declarations for 'each person' for Underinsured Motorists Coverage is our maximum limit of liability for all damages for bodily injury sustained by any one person in any one accident. Subject to this limit for 'each person', the limit of liability shown in the Schedule or

**1.** A.R.S. § 28–1142 was repealed by Laws 1982, Ch. 298, § 5, eff. Jan. 1, 1983.

in the Declarations for 'each accident' for Underinsured Motorists Coverage is our maximum limit of liability for all damages for bodily injury resulting from any one accident....

*Id.* at 266, 751 P.2d at 582. Noting that the Mid–America policy language was virtually identical to the language in A.R.S. § 28–1142(C), upon which *Herring* relied, this court quoted *Herring*'s conclusion that A.R.S. § 28–1142(C) " 'contemplates a minimum limit available for each person actually injured or killed and *not for each person with a damage claim.*' " *Id.* at 268, 751 P.2d at 584 (emphasis in original), *quoting Herring,* 144 Ariz. at 256, 697 P.2d at 339. Thus, this court found both *Herring* and *Campbell* controlling with respect to the interpretation of the Mid–America policy. 156 Ariz. at 268, 751 P.2d at 584.

■ The Stillmans argue that the policy language in *Campbell* which included claims for "loss of consortium" and "injury to the relationship" within the "each person" limit was critical to the holding, and that, absent such qualifying language in this case, *Campbell* is not binding. We disagree. The bottom line holding in *Campbell* was predicated upon the express holding in the supreme court case of *Herring*—that is, that the policy limits were applicable to claims for bodily injuries to the victim, not to claims for damages arising from that victim's single injury. *Campbell,* 155 Ariz. at 106–07, 745 P.2d at 164–65. In support of this conclusion, *Campbell* also analyzed numerous cases from other jurisdictions, the holdings of which followed the general law as discussed in Annotation, *Construction and Application of Provision in Liability Policy Limiting the Amount of Insurer's Liability to One Person,* 13 A.L.R.3d 1228, 1234 (1967):

Under policies fixing a maximum recovery for "bodily" injury to one person, it has usually been held that the limitation was applicable to all claims of damage flowing from such bodily injury, and that therefore it is immaterial that some part of the damages may be claimed by a person other than the one suffering the bodily injuries. In other words, all damage claims, direct and consequential, resulting from injury to one person, are subject to the limitation.

The *Campbell* court stated that the "consortium" and "relationship" language contained in the Farmers policy merely "bolstered" the conclusion derived from the basic language of the policy and case law interpreting that language. 155 Ariz. at 107, 745 P.2d at 165. Moreover, the policy in *Green* did not contain such qualifying language, nor did it define damages or bodily injury to include loss of consortium or other similar type claims. Nevertheless, the *Green* court considered *Campbell* and *Herring* to be dispositive. 156 Ariz. at 268, 751 P.2d at 584.

Next, the Stillmans attempt to distinguish the language in this policy from the policy in *Green,* contending that the American policy language is similar to that interpreted in *Abellon v. Hartford Ins. Co.,* 167 Cal.App.3d 21, 212 Cal.Rptr. 852 (1985). First, we disagree that the policy language in *Green* is substantially different from that in the American policy. Moreover, we note that the American policy language is almost verbatim to the language which was interpreted in *Campbell.* (The American policy provided that the bodily injury liability limit "for 'each person' is the maximum for bodily injury sustained by one person in any one occurrence." The Farmers policy in *Campbell* provided that the limit "for 'each person' is the maximum for bodily injury sustained by any person in any one accident.")

We also disagree that the language interpreted in *Abellon* is similar to that of the American policy. The relevant policy language in *Abellon* provided:

1. The most we will pay for all damages resulting from bodily injury to any one person *caused by any one accident* is the limit of Bodily Injury Liability shown in this endorsement for 'each person.'

2. Subject to the limit for 'each person', the most we will pay for all damages resulting from bodily injury caused by any one accident is the limit of Bodily

Injury Liability shown in this endorsement for 'each accident.'

167 Cal.App.3d at 24–25, 212 Cal.Rptr. at 853 (emphasis added). This language does not require that the bodily injury be *sustained* by the accident victim. This is in sharp contrast to the American policy which stresses that the limit is applicable to bodily injury "sustained by one person in any one occurrence."

Finally, the Stillmans argue that *Herring, Campbell,* and *Green* can be distinguished because they involved uninsured or underinsured motorist coverage, while this case involves liability coverage. In our opinion, this is a distinction without a difference. As pointed out in *Campbell,* there is no reasoned basis for differentiating between liability and uninsured provisions when interpreting "one person" and "one occurrence" issues. 155 Ariz. at 105, 745 P.2d at 163, *citing Reid v. State Farm Mut. Auto. Ins. Co.,* 784 F.2d 577, 579 (5th Cir.1986).

Also, *Campbell,* while dealing with underinsurance, relied on cases interpreting liability insurance, among them being, *Williams v. Standard Acc. Ins. Co.,* 188 F.2d 206 (5th Cir.1951); *Montgomery v. Farmers Ins. Group,* 585 F.Supp. 618 (S.D. Ind.1984); *Smith v. State Farm Mut. Auto. Ins. Co.,* 252 Ark. 57, 477 S.W.2d 186 (1972); *State Farm Mut. Auto. Ins. Co. v. Ball,* 127 Cal.App.3d 568, 179 Cal.Rptr. 644 (1981); *United Services Auto. Assoc. v. Warner,* 64 Cal.App.3d 957, 135 Cal.Rptr. 34 (1976); *Travelers Indem. Co. v. Cornelsen,* 272 Md. 48, 321 A.2d 149 (1974); *Bain v. Gleason,* 223 Mont. 442, 726 P.2d 1153 (1986); *Auto Club Ins. Assoc. v. Lanyon,* 142 Mich.App. 108, 369 N.W.2d 269 (1985). *See generally* Annot., *Construction and Application of Provision in Liability Policy Limiting the Amount of Insurer's Liability to One Person,* 13 A.L.R.3d 1228 (1967) and (Supp.1989).

█ In the final analysis, the determination of whether the limitation imposed by the policy covers the Stillmans' claims must be based upon the language used. Thus, the analysis is not furthered by determining whether loss of consortium results in bodily injury or whether the Stillmans' loss of their son's services resulted in a cause of action accruing. In this regard, the American policy is not ambiguous when it states that the "each person" amount is the maximum liability "for bodily injury sustained by *one* person in any *one* occurrence." (Emphasis added.) The Stillmans' concern that an insured will construe that language differently and not purchase sufficient liability coverage is unfounded. Because the American policy exceeded the minimum amount of liability coverage required by statute, and the limitation is not ambiguous, it is not contrary to the public policy that liability coverage protect the public using the highways from calamity. *See* A.R.S. §§ 28–1102(6) and 28–1170(B).

█ Finally, we note that under the language of the American policy, if Danny Stillman's injuries had not exhausted the $100,000 policy limit, the senior Stillmans' claims for damages would be payable under the policy. This is so because, in the language of Annotation, "the limitation was applicable to all claims of damage flowing" from Danny's injury, both direct and consequential. 13 A.L.R.3d at 1234.

### CONCLUSION

Only Danny Stillman sustained bodily injuries in the accident, and these injuries exhausted coverage. Thus, even though the Stillmans may have suffered damages *because of* the bodily injuries sustained by Danny, their claims for loss of consortium damages are not covered under the policy. The trial court's holding that the Stillmans' loss of consortium claims are not covered by the American policy is affirmed.

VOSS, P.J., and KLEINSCHMIDT, J., concur.