793 P.2d 127
**Helen BARTNING; Luis E. Bartning and Rique Bartning, Plaintiffs/Appellees/Cross–Appellants,**

v.

**STATE FARM FIRE & CASUALTY, Defendant/Appellant/Cross–Appellee.**

No. 2 CA–CV 88–0138.

Court of Appeals of Arizona, Division 2, Department A.

Feb. 22, 1990.

As Corrected April 19, 1990.

Review Granted July 3, 1990.*

* Corcoran, J., of the Supreme Court, was not present and did not participate in the determination of this matter.

Miller & Pitt, P.C. by Thomas G. Cotter and Jonathan Reich, Tucson, for plaintiffs/appellees/cross-appellants.

Chandler, Tullar, Udall & Redhair by D.B. Udall, Tucson, for defendant/appellant/cross-appellee.

## OPINION

HOWARD, Judge.

In *Bartning v. State Farm*, 162 Ariz. 344, 783 P.2d 790 (1989), the Supreme Court vacated our opinion and remanded to us the disposition of this cross-appeal.

While walking in Mexico, Enrique Bartning was killed when he was struck by a car owned by an uninsured motorist. Both Enrique and his son Luis had purchased separate automobile policies from State Farm. Enrique was the named insured under his own policy and Luis was the named insured under his policy. Enrique did not reside with Luis, and neither Enrique nor Luis was listed as a named insured on the other's policy.

Luis sought payment from State Farm under the uninsured motorist coverage of his own policy for Enrique's wrongful death. State Farm refused coverage. This action followed and the trial court granted partial summary judgment to State Farm, holding that Enrique was not an insured under the provisions of Luis' policy and that Luis was not entitled to recover damages for his father's wrongful death.

In this appeal, Luis contends that the clear and unambiguous language of his insurance policy shows that he is entitled to collect damages for his father's wrongful death under the uninsured motorist provisions of his policy. We do not agree.

The provision which Luis points to in his policy states:

> We will pay damages for *bodily injury* an *insured* is legally entitled to collect from the owner or driver of an *uninsured motor vehicle.*

(Emphasis added.)

A.R.S. § 20–259.01 states in part:

A. No automobile liability or motor vehicle liability policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be delivered or issued for delivery in this state, with respect to any motor vehicle registered or principally garaged in this state, unless coverage is provided in the policy or supplemental to the policy, ... *for the protection of persons insured who are legally entitled to recover damages from owners or operators of uninsured motor vehicles be-*

*cause of bodily injury, sickness or disease, including death, resulting therefrom....*

(Emphasis added.) The State Farm policy provisions substantially track the above statutory requirements. The determinative issue is this. Did the legislature, by the above provisions, intend to give an insured the right to recover damages for injuries to third persons? We think not.

The Uninsured Motorist Act was intended to close the gap in protection offered by the Uniform Motor Vehicle Safety Responsibility Act, §§ 28–1101 et seq., by requiring insurance companies issuing automobile liability policies to include coverage for injuries suffered by their insureds for damages caused by uninsured motorists. *Chase v. State Farm Mutual Auto Insurance Co.*, 131 Ariz. 461, 641 P.2d· 1305 (App.1982). Prior to the adoption of the Uninsured Motorist Act, if an insured was injured or was killed and the responsible party had no insurance and was impecunious, there was no way for the insured to recover. The gap that was closed related to injuries to the insured, and not injuries to third persons.

We agree with the Division One's decision in *Bakken v. State Farm Mutual Auto Insurance Co.*, 139 Ariz. 296, 678 P.2d 481 (App.1983). There, the court rejected the same position that the cross-appellant is taking in this case. The cross-appellant argues that the clear and unambiguous language mandates a decision in his favor. It would be a "Catch 22" if we were to hold that by tracking the language of the statute the insurer had agreed to give more coverage than the legislature intended when it enacted the Uninsured Motorist Act.

State Farm has requested and is entitled to attorney's fees for defending this cross-appeal, which will be granted upon compliance with 17B A.R.S. Civil Appellate Proc. Rules, Rule 21(c).

Affirmed.

ROLL, P.J., concurs.

HATHAWAY, Judge, dissenting.

Because I disagree with the reasoning of and the result reached by the majority, I respectfully dissent. First, the majority concludes that the uninsured motorist statute was designed to "close the gap in protection offered by the Uniform Motor Vehicle Safety Responsibility Act, §§ 28–1101 et seq., by requiring insurance companies issuing automobile liability policies to include coverage for injuries suffered by their insureds for damages caused by uninsured motorists." The majority goes on to conclude that "[t]he gap that was closed related to injuries to the insured, and not injuries to third persons."

I believe the majority has read an exclusion into both the statute and the policy at hand that does not exist. Neither restricts coverage to injuries to the insured; both were intended to provide coverage for damages sustained as a result of injury or death caused by an uninsured motorist. Thus, I believe the majority's reasoning is flawed and flies in the face of the clear language of the statute as well as its underlying policy and purpose. There is nothing in the statute to restrict an insured's claim to a direct claim for personal injuries and to eliminate coverage for derivative claims such as those for wrongful death or, as another example, loss of consortium. While I agree that such claims are not actual bodily injury claims, they are nevertheless claims which arise out of bodily injury or death. *Herring v. Lumbermen's Mut. Cas. Co.*, 144 Ariz. 254, 697 P.2d 337 (1985); *Campbell v. Farmers Ins. Co. of Ariz.*, 155 Ariz. 102, 745 P.2d 160 (App. 1987); *Green v. Mid–America Preferred Ins. Co.*, 156 Ariz. 265, 751 P.2d 581 (App. 1987).

The uninsured motorist statute was designed to protect "persons insured who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom." A.R.S. § 20–259.01(A). Here, Luis is an insured. Luis is also legally entitled to recover damages from the owner of the vehicle that killed his father. Finally, his

legal entitlement arises out of the bodily injury and death of his father.

If an insurer is prepared to and in fact does provide uninsured motorist coverage for its insured who is injured as a pedestrian, I fail to see how the insurer may legitimately protest against providing uninsured motorist coverage for damages sustained by its insured which arise out of the injury to a third person unless it excludes or limits such coverage. Neither results from the insured's use of an automobile. However, both claims result from an uninsured person's use of a motor vehicle. *Cf. Herring, supra,* (minor children entitled to coverage under father's policy where father killed by uninsured motorist).

Additionally, I disagree with the court of appeals' reasoning in *Bakken v. State Farm Mut. Auto. Ins. Co.,* 139 Ariz. 296, 678 P.2d 481 (App.1983), although I believe the case is distinguishable. First, in *Bakken,* as in *Herring* and *Campbell,* the claimants were apparently not the named insureds; the injured or deceased person was the named insured. The claimants in *Bakken* were attempting to collect against two policies which named the decedent as insured, in violation of the policies' anti-stacking provisions. We do not have such a problem here. Second, in all three of these cases, the claimants were asking the court to create more coverage than the policies provided. I agree with these cases insofar as they stand for the principle that where claimants are seeking coverage under the named insured's policy and the named insured is the only person who has been injured or killed, any policy provisions regarding one bodily injury must apply. Thus, the limits were construed to be $15,000 as opposed to $30,000 in *Herring* and the "each person" as opposed to the "each accident" provision was correctly found to be applicable in *Campbell.* A simple example illustrates this point. If Luis were not the only person who was an insured under his policy and who had a claim arising out of Enrique's death, the one bodily injury provision of Luis's policy would apply and he and any other insured would only be entitled to the $15,000 limits as opposed to the $30,000 limits, applicable where two or more persons sustain bodily injury.

As a final point in this regard, it appears to me that *Herring* and *Campbell* where the claimants were found to be entitled to compensation under the named insured's policy, do not support the reasoning in *Bakken* and the majority herein. The claimants had to have been able to collect under the named insured's policy because they too were covered persons under the policies in those cases. To assume otherwise would be illogical. In other words, these claimants had to be members of the named insured's household or otherwise come within the coverage provisions of the policies, else any person, insured or not, could have claimed a right to benefits under the named insured's policy simply because they had a damage claim arising out of the named insured's death or injury. Thus, it is not the injured or deceased person's status as an insured but the claimant's status as an insured that is the primary focus. Here, Luis is actually the named insured whose damage claim arises out of death caused by an uninsured motorist.

Finally, I reject outright State Farm's primary argument against coverage. State Farm would have this court read into the policy an exclusion for derivative damage claim coverage, restricting it to where the party injured is a member of the named insured's household. We have never read exclusions or limitations into policies. There are a multitude of cases holding that, if anything, where there is an exclusion it shall be strictly construed in favor of the insured. Where the exclusion does not even exist, we surely shall not read it into the policy so as to defeat coverage simply because the carrier contends it is reasonable. Moreover, laying aside the question of the validity of such an exclusion, the fact that such exclusions existed at the time but were not part of Luis's policy indicates that the carrier knew exactly how to restrict or exclude coverage in this context. It did not do so here.

For these reasons, I would reverse the decision of the court below.