837 P.2d 1193

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois corporation, Plaintiff–Appellant,**

v.

**Sean COBB, Michael Dougherty and Theresa Jena' Finley, Defendants–Appellees.**

**No. 1 CA–CV 90–569.**

Court of Appeals of Arizona, Division 1, Department D.

April 30, 1992.

Review Denied Oct. 20, 1992.

or decreased by five years, without release eligibility until one-half the sentence is served.

O'Connor, Cavanagh, Anderson, West-over, Killingsworth & Beshears, P.A. by Ralph E. Hunsaker, Phoenix, for plaintiff-appellant.

Tilker, Hovell & DePonte by William P. Hovell, Scottsdale, for defendant-appellee Cobb.

Neal S. Sundeen, Phoenix, for defendant-appellee Dougherty.

Jennings, Kepner & Haug by Jack R. Cunningham, Phoenix, for defendant-appellee Finley.

## OPINION

GERBER, Judge.

### FACTS

This case arises out of an automobile accident involving two insured vehicles. The tortfeasor's vehicle was insured by Bonneville Insurance Company ("Bonneville") with the minimum statutory liability coverage of $15,000/$30,000. The injured victims were the driver and three passengers in a vehicle insured by appellant State Farm Mutual Automobile Insurance Company ("State Farm") and owned by Timothy Dougherty. Dougherty carried both uninsured and underinsured motorist coverage. As a result of its insured's liability, Bonneville paid the entire $30,000 via $7,332.09 to each of the injured occupants of the Dougherty vehicle and $1,000 to a passenger in the vehicle insured by Bonneville.

State Farm then paid its aggregate limits of $50,000 pursuant to the underinsured motorist coverage which it provided the Dougherty vehicle. The payment of underinsured motorist benefits was via $12,500 to each occupant of the vehicle. Each victim thus received a total payment of $19,332.09. This sum exceeds the $15,000 minimum limits prescribed by Ariz.Rev.Stat. Ann. ("A.R.S.") § 28-1170.

Appellees contend for their part that they are each entitled to an additional $7,667.91 in uninsured benefits, representing the difference between the $7,332.09 paid under the Bonneville policy and the $15,000 minimum statutory amount. They maintain that State Farm should pay both underinsured and uninsured benefits for injuries resulting from this single accident. On appeal, appellants contend uninsured benefits should not have been added to the underinsured benefits which appellees received.

The trial court granted summary judgment in favor of appellees. The only issue on appeal is whether uninsured coverage applies to a single accident with two insured vehicles where the appellees each

already received benefits exceeding the statutory minimum.

## DISCUSSION

The controlling statutes provide in pertinent part as follows:

A.R.S. § 20–259.01(E):

... To the extent that the total damages exceed the total applicable liability limits, the underinsurance motorist coverage provided in subsection C of this section is applicable to the difference.

A.R.S. § 20–259.01(F):

Uninsured and underinsured motorist coverages are separate and distinct and apply to different accident situations. Underinsured motorist coverage shall not provide coverage for a claim against an uninsured motorist in addition to any applicable uninsured motorist coverage.

■ These statutes make it clear that when there is both uninsured and underinsured coverage, the appellees are not entitled to collect both benefits, i.e., when the accident involves an insured driver, only underinsurance is available to satisfy any deficiency.

■ Appellees contend that *Porter v. Empire Fire & Marine Ins. Co.*, 106 Ariz. 274, 475 P.2d 258 (1970), mandates recovery of liability benefits from Bonneville as well as uninsured coverage from State Farm. When recovery against the negligent tortfeasor yielded an amount less than the statutory minimum, *Porter* allowed the injured victim to collect uninsured coverage to make up the deficiency. *Porter*, however, was decided before the advent of underinsurance and prior to the present version of A.R.S. § 20–259.01. The legislature added section (F) in 1982. Laws 1982, Ch. 298, § 1. The first sentence of the statute makes the two coverages "separate and distinct" and applicable "to different accident situations." The statute does not permit both underinsured and uninsured coverage to apply to the present single accident. To hold otherwise nullifies the last sentence of Subsection (E) and the second sentence of Subsection (F).

*Porter* does not stand for the proposition that both underinsured and uninsured coverages apply to a single accident involving an insured tortfeasor. In *Porter* the court faced the question whether a claimant could recover the difference between the amount received from the tortfeasor and the mandated $15,000 statutory minimum. *Porter* provided the functional equivalent of underinsurance coverage where uninsured coverage was the insured's only option. When underinsurance coverage also is available in an accident with an insured tortfeasor, the underinsured rather than the uninsured coverage makes up the difference between the amount received from the insured tortfeasor and the statutory minimum.

Appellees argue that the Arizona Supreme Court affirmed the continued application of *Porter* in *Herring v. Lumbermen's Mut. Casualty Co.*, 144 Ariz. 254, 697 P.2d 337 (1985), and *State Farm Mut. Auto. Ins. Co. v. Eden*, 136 Ariz. 460, 666 P.2d 1069 (1983). However, neither of these decisions allows appellees to collect both uninsured and underinsured coverage in these circumstances. While *Herring* confirmed that *Porter* still had vitality, *Herring* did not specify under what circumstances *Porter* would still apply. *Herring* simply held that *Porter* could not be extended to allow each beneficiary of a deceased party to recover the statutory minimum from the decedent's uninsured coverage. *Herring* has no bearing on whether these appellees are entitled to the uninsured benefits.

Similarly, the claimant in *Eden* did not attempt to collect both coverages. Claimant was involved in an accident with a tortfeasor who carried minimum liability coverage. Relying on *Porter*, the claimant demanded additional coverage pursuant to his own uninsured coverage. In analyzing the effect of *Porter*, the Arizona Supreme Court noted that appellant's reliance on *Porter* was meritless because *Porter* mere-

ly held that a claimant not compensated to the statutory minimum could look to his own uninsured coverage for the difference. *Eden* supports appellant's position that underinsurance and uninsurance apply to different accident situations. As *Eden* noted:

> "We find no merit to Appellant's argument that Section (B) implicitly changed the definition of uninsured. Presumably, the legislature was cognizant of the *Porter* definition of uninsured when Section (B) was added to A.R.S. § 20–259.-01."

136 Ariz. at 462, 666 P.2d at 1071.

A.R.S. § 20–259.01(E) provides that when there is a deficiency, it is underinsured, not uninsured coverage, which makes up the difference between the amount received from the insured tortfeasor and the statutory minimum. Since this amount has already been fully paid by State Farm, each appellee has already received compensation in excess of the statutory minimum and is not entitled to uninsured benefits.

## CONCLUSION

For the reasons above, the summary judgment of the trial court is reversed. State Farm has no obligation to make payment to the appellees under uninsured coverage. We grant State Farm its attorneys' fees in accordance with A.R.S. § 12–341.-01(A).

TAYLOR, P.J., and EHRLICH, J., concur.