[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This matter is an action for declaratory judgement to determine whether or not Defendants may recover for loss of consortium under the "each person" limit of the uninsured motorist provision of Defendant's insurance policy. Plaintiff joins his claim for declaratory judgement, with request for injunctive relief. Jurisdiction is pursuant to R.I.G.L. 1956 (1985 Reenactment) § 9-30-1 and § 9-30-2. The relevant facts and travel of the case are as follow.
At all times material hereto, Defendant, Sandra A. DeYesso, (Sandra), held an automobile liability insurance policy issued by the Rhode Island Automobile Insurance Plan Service Center. The policy designated Plaintiff, Metropolitan Property and Liability Insurance Company (Metropolitan), as the insurer. The stated uninsured/underinsured motorist policy limits were $50,000 "each person" and $100,000 "each accident," according to Part C, Uninsured Motorist Coverage, Insuring Agreement.
On or about October 24, 1986, Sandra was driving her motor vehicle on Chalkstone Avenue, in Providence, Rhode Island, when Thomas Arrico, (Arrico), struck her vehicle in the rear. As a result of the collision, Sandra sustained bodily injury. At the time of the accident, she was legally married to Defendant, Michael J. DeYesso, and resided with him and their children at 77 Belmont Avenue, Providence, Rhode Island.
Jay Leasing Co. Inc., owned the vehicle that Arrico operated at the time of the collision. American Universal Insurance Company insured this vehicle. It is undisputed that the liability for said motor vehicle accident rests entirely with Thomas Arrico and Jay Leasing Co.
The State of Rhode Island declared the American Universal Insurance Company insolvent on or about January 19, 1991. As a result of the insolvency, the motor vehicle in question became an uninsured motor vehicle as defined in G.L. (1956) § 27-7-2.1
(1989 Reenactment).
Defendant, Michael J. DeYesso (Michael), now seeks compensation under the uninsured motorist provision of the policy, in the amount of $50,000 for loss of consortium, in addition to the $50,000 his wife claims for bodily injury. Metropolitan contends that Michael is not entitled to recover separately under the uninsured motorist provision of the policy for loss of consortium, and that Defendants are entitled to recover no more than a maximum sum of the $50,000 policy limits for their injuries, either Sandra individually or both Sandra and Michael jointly.
Defendants filed a timely action for personal injury against the tortfeasor, Thomas Arrico and the owner of the vehicle, Jay Leasing Co., Inc. The parties have stipulated to the liability of these individuals.
In accordance with the provisions of the insurance policy, defendants have demanded arbitration. While Michael DeYesso concedes his claim for loss of consortium is derivative of his wife's claim and is not a "bodily injury" pursuant to the policy, he nonetheless claims he is entitled to recover separately because the policy is vague and ambiguous and is susceptible of more than one reasonable interpretation. This is simply not the case.
The policy in question is clear and unambiguous. The language clearly states that bodily injury is a prerequisite to separate and independent recovery.
Part C — UNINSURED MOTORISTS COVERAGE We will pay damages which a covered person is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury
 1. Sustained by a covered person
 2. Caused by an accident
The policy defines "covered persons" as follows:
 1. You or any family member
 2. Any other person occupying your covered auto
 3. Any person for damages that a person is entitled to recover because of bodily injury to which the coverage applied sustained by a person described in 1. or 2. above
Michael DeYesso sustained no bodily injury, but claims loss of consortium. Consequently, Michael DeYesso's loss of consortium claim derives from his wife's bodily injury claim. This Court finds he is not entitled to recover separately for loss of consortium damages because he has not satisfied the condition of the policy, "bodily injury." He may, however, recover under the $50,000 single "each person" limit of $50,000 which applies to his wife.
The Supreme Court recently decided the very same issue inAll State Insurance Co. v. Ronald Pogolorich et al. (CA NO. 91-451-A, April 14, 1992); Horton v. United Services AutomobileAssociation, (C.A. No. 91-389, April 27, 1992). In Pogolorich,
the Supreme Court of Rhode Island found that policy language similar to that of the case at bar was unambiguous. Metropolitan contends that, Michael DeYesso may recover for loss of consortium, arising out of bodily injuries to his wife Sandra, only under the single "each person" limit that applies to Sandra's bodily injury claim. Alternatively, Michael DeYesso alleges that he is entitled to seek recovery under the separate and additional, "each person" $50,000 policy limit, for his loss of consortium claim. In Horton, the Supreme Court, reversing the trial judges, held that a loss of consortium claim arising out of the bodily injury to an insured person is a derivative claim that is subject to the policy limits set forth in the contract of insurance. Horton at 1.
In Pogolorich, the Court interpreted that "each person" meant the total amount of damages arising out of bodily injury to one person, in any one automobile accident. The Court found that when policy language is clear and unambiguous in limiting the claim for bodily injury to any one person, such limitation of coverage should be enforced as conclusive between the parties. In explaining its position, the Court stated:
 We are of the opinion that the policy language in this case is clear and unambiguous. Part V of the policy provided uninsured/underinsured motorist coverage with "stacked" limits of $200,000 for "each person". The terms "each person" is the total limit for all damages arising out of bodily injury to one person in any one motor vehicle accident. It is undisputed that in the case at bar, Ronald was the only person who suffered bodily injury in the motor vehicle accident with Dow. Although Marion was entitled to bring an action for loss of consortium against Dow, her action was derivative and could not be construed as an independent action for bodily injury. Pogolorich at 5.
The Court further noted that a number of Courts, when dealing with the same issue, have also held that a loss of consortium claim derives from the bodily injury the spouse suffers, and is not truly independent, but rather, derives from and is attached inextricably to the claim of the injured spouse. Pogolorich
citing, Weekley v. State Farm Mutual Automobile Insurance Co.,537 So.2d 477 (Ala. 1989); Stillman v. American FamilyInsurance, 162 Ariz. 594, 785 P.2d 114 (1990); Izzo v. ColonialPenn Insurance Co., 203 Conn. 305, 524 A.2d 641 (1987); Creamerv. State Farm Mutual Automobile Insurance Co., 161 Ill. App.3d 223, 514 N.E.2d 214 (1987); Richie v. American Family MutualInsurance Co., 140 Wis.2d 51, 409 N.W.2d 146 (1987). In these cases, the Courts applied the "each person" policy limit, although other derivative claims, such as loss of consortium, could have been made against the tortfeasor. Pogolorich at 5 and 6.
In the case at bar, the uninsured/underinsured motorist policy limits are $50,000 per "each person". Part C, "Uninsured Motorists Coverage", Limit of Liability, states:
 "The limit of liability shown in the Declarations for `each person' for Uninsured Motorist Coverage, is our maximum limit of liability for all damages for bodily injury sustained by any one person or any one accident. Subject to this limit for `each person', the limit of liability shown in the Declarations for `each accident' for Uninsured Motorist Coverage is our maximum limit of liability for all damages for bodily injury resulting from any one accident.
The policy language in the instant case is clear and unambiguous. PART C of the policy provides uninsured/underinsured motorist coverage with $50,000 limit for "each person," for recovery arising out of the bodily injury to one person. The term "each person" is the total limit for all damages arising out of bodily injury to one person in any one motor vehicle accident. The parties agree that Sandra was the only person who suffered bodily injury in the motor vehicle accident with Arrico. The policy, therefore, allows Sandra DeYesso to recover her total bodily injury damages and Michael to recover for his loss of consortium to a maximum $50,000 limit of liability set forth in the contract of insurance. Michael's claim for loss of consortium does not increase that sum since his claim derives from and merely arises out of bodily injury to Sandra. Pogolorich at 6.
Plaintiff properly joined his claim for injunctive relief from arbitration with his demand for declaratory relief.
For the reasons stated, the loss of consortium claim of defendant Michael T. DeYesso is restricted to the each person's limit for damages applicable to bodily injury sustained by defendant, Sandra A. DeYesso.
Counsel shall prepare a judgement consistent with this decision.