# District Court of the Navajo Nation

Judicial District of Shiprock, New Mexico

### Sarah John and McKinley John,
### Plaintiffs,
### v.
### Western Agricultural Insurance Co.,
### Defendant.
### Decided October 17, 1997

## ORDER

Judge Lorene Ferguson presiding.

THIS MATTER having come before this Court on a Motion for Summary Judgment filed by the Defendant and a hearing having been held on August 07, 1996, this Court makes the following findings:

1. A complaint was filed by the Plaintiffs to recover damages for Breach of Contract, insurance bad faith and personal injuries.

2. The Plaintiffs are enrolled members of the Navajo Tribe residing on the Navajo Reservation in Montezuma Creek, Utah.

3. The Defendant, Western Agricultural Insurance Company, is an Arizona Corporation with its principal place of business located in Denver, Colorado.

4. The Plaintiffs purchased an insurance policy, No. 218479761, from Western Agricultural Insurance Company which went into effect on January 06, 1994.

5. Bradley John, son of the Plaintiffs, was injured in a one car automobile collision as a passenger in an uninsured motor vehicle on April 23, 1994.

6. The Defendant, Western Agricultural Insurance Company, agreed to pay damages pursuant to the terms of the policy on behalf of Bradley John who sustained severe injuries, leaving him in a comatose state.

7. The policy limit of one person per accident is $25,000 which is not disputed in regards to Bradley John.

8. Plaintiffs have requested that they, too, be paid damages resulting from loss of consortium, in an additional amount of $25,000, which along with the payment to Bradley John would total $50,000, which is the per accident limit.

## DISCUSSION

The Defendant filed a Motion for Summary Judgment on June 10, 1997, arguing that this Court look to Arizona case law in interpreting the term of the policy. At question here is the language within the term of the policy. The Plaintiffs based their claim upon their reading of the policy which is that while they were not passengers in the vehicle involved in the collision, they sustained "bodily

injuries" deriving from the injuries sustained by their son. Bradley John has been in a comatose state since the collision. The Defendant refused to pay additional damages to the Plaintiffs, basing their refusals on their reading of the policy. Defendants argue that neither Sarah nor McKinley John was actually involved in the accident and that the policy cannot be read to allow Sarah or McKinley John to obtain damages for bodily injuries or loss of consortium.

The Defendant based its position on Arizona case law, citing *Herring v. Lumberman's Mut. A. Cas. Co.*, 697 P.2d. 337 (Ariz. 1985), *Campbell v. Farmers Insurance Co. of Ariz.*, 745 P.2d. 160 (Ariz. App. 1987), and *Stillman v. American Family, Inc.*, 785 P.2d, 114 (Ariz. App. 1990). These cases address claims made by persons other than the person actually involved in the collision and actually injured from such collision. In these cases, the courts were required to interpret the insurance policies and/or the Arizona statutes requiring financial responsibility.

In effect, the Defendant is asking, by motion for Summary Judgment, that this Court adopt the interpretation of the policy limits of the cited Arizona cases and find that the Plaintiffs did not sustain bodily injuries so as to be compensated for their damages (loss of consortium).

The Plaintiffs argue that the interpretation of the insurance policies as set out in the Arizona cases would preclude them from obtaining damages for their loss of consortium.

The Defendant argues that the Navajo Nation common law recognizes that Plaintiffs' injuries are "bodily injuries" contrary to Arizona case law interpretation. The Defendant argues this is the real issue in the case.

Summary judgments were addressed in *Thomas v. Succo*, 7 Nav. R. 63, 64 (1993), in which it states:

> Summary Judgment is 'a procedural device designated to test whether a case should proceed to trial.' The process is to determine whether any genuine issue as to any material fact exists and, if not, the moving party is entitled to judgment as a matter of law. A Court will granted summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavit, if any, show no genuine issue as to any material fact.

Here, while the basis for Defendant's Motion for a Summary Judgment appears cogent, this Court is not convinced that there are no issues of material fact with respect to issues raised by the Defendant in this case, particularly in respect to the Navajo common law raised, and also in respect to use of state case law interpretations in the Navajo Nation courts. This Court is faced with interpreting the language within the policy which is given differing construction by the parties thereby making the policy language ambiguous. Given the arguments by the parties, the determinative factors in the varying jurisdictions are factual and the issue of whether the Plaintiffs were "bodily injured" would be determinative on the facts, which this Court has not yet received.

IT IS THEREFORE ORDERED that the Defendant's Motion for Summary Judgment is denied.