819 P.2d 985

**Margaret H. MULLEN, surviving parent of William Mullen, Deceased, Plaintiff/Appellee,**

v.

**POSADA DEL SOL HEALTH CARE CENTER; and Pima County, a body politic, Defendants/Appellants.**

**No. 2 CA–CV 90–0231.**

Court of Appeals of Arizona, Division 2, Department B.

April 16, 1991.

Reconsideration Denied May 30, 1991.

Review Denied Dec. 3, 1991.

Addis & Sherman, P.C. by Michael J. Addis, Tucson, for plaintiff/appellee.

Stephen D. Neely, Pima County Atty. by Thomas E. Dugal, Tucson, for defendants/appellants.

### OPINION

HOWARD, Judge.

This is a wrongful death action brought by the decedent's mother. The issue on appeal is whether, when liability is admitted, plaintiff's testimony about unsafe, improper or negligent care her adult son received while alive at the county nursing home, was admissible on plaintiff's claim of damages for grief resulting from the death of her son. We hold that it was not and reverse.

Brain-damaged by a motorcycle accident, the plaintiff's son was a resident of the Posada del Sol Health Care Center (Posada) which was owned and operated by Pima County. He was able to use one hand, but it was supposed to be restrained when he

was alone because as a result of the brain damage, he would sometimes become agitated and try to pull on the tracheostomy (trach tube) that he needed for breathing. One night the nurse forgot to restrain this hand and he succeeded in pulling out the tube and died.

Prior to trial, the county admitted liability and the parties stipulated the only issue to be tried was damages. Pima County filed a motion in limine to exclude any evidence of alleged negligence by Pima County in the decedent's care before his death. The trial court denied the motion and the plaintiff was allowed to testify and present evidence that the environment at the nursing home was not safe; that a few days before her son's death, the plaintiff found him lying on the floor next to his wheelchair from which he had presumably fallen; that on several occasions her son needed suctioning and no nursing staff was around; that several times she called for assistance for her son, but no one came; and that she complained several times to the Posada staff about watching him closer and suggested putting a resident in his room as a buddy to watch him, which the Posada staff rejected.

The reason given by the plaintiff's lawyer and accepted by the trial court for admitting this evidence was that it was relevant as to her grief. According to plaintiff's lawyer, part of her grief was guilt over not having transferred her son to another facility before his death.

The jury returned a verdict in the amount of $300,000. The county made a motion for new trial which was denied and this appeal followed.

### I.

Our wrongful death statute, A.R.S. § 12–613, sets forth the damages that are recoverable:

In an action for wrongful death, the jury shall give such damages as it deems fair and just with reference to the *injury resulting from the death* to the surviving parties who may be entitled to recover, and also having regard to the mitigating or aggravating circumstances attending the wrongful act, neglect or default. . . .

(Emphasis added.)

▮ Allowable items of injury under the statute are loss of love, affection, companionship, consortium, personal anguish and suffering.[1] *Sedillo v. City of Flagstaff*, 153 Ariz. 478, 737 P.2d 1377 (App. 1987). What is important here is that the statute makes it clear that these items of injury must result from the death of the decedent. As explained in Note, *Recovery for Mental Anguish Caused by Wrongful Death*, 13 Ariz.L.Rev. 542, 551–2 (1971):

The compensation is for injuries resulting from the death, not for injuries resulting from the negligent act nor for witnessing the infliction of injuries to a third person by the negligent act. Therefore, it is inappropriate to question whether the negligent act is the proximate cause of the mental anguish. Within the meaning of the statute, the death is the source of the injury, not the negligent act.

### II.

What the plaintiff is trying to do in this case is collect compensation for negligent acts by Pima County neither alleged in the complaint nor which proximately caused the decedent's death. Her rationale is that these acts are the basis of her guilt over her conduct before his death in not getting her son removed from Posada. Such guilt, while it may, indeed, exist is not legally compensable. It is not grief flowing from the death. It is guilt flowing from her own conduct before the decedent's death. Such guilt is not compensable in a wrongful

---

**1.** The phrase in the statute "and also having regard to the mitigating or aggravating circumstances attending the wrongful act, neglect or default" pertains solely to punitive damages. *Quinonez v. Andersen,* 144 Ariz. 193, 696 P.2d 1342 (App.1984). Punitive damages cannot be recovered against the state in a wrongful death action. *Welch v. McClure,* 123 Ariz. 161, 598 P.2d 980 (1979). In any event, plaintiff never asked for punitive damages.

death action. Allowing evidence of these negligent acts was prejudicial error.

The judgment is reversed.

FERNANDEZ, C.J., and CARRUTH, J.,* concur.