SUPREME COURT OF ARIZONA
En Banc

| | |
|---|---|
| ELIZABETH WALSH, surviving wife of JEROME WALSH, deceased; and ANNETTE FORRESTER, SCOTT WALSH, STEVEN WALSH, and LISA CLINE, surviving children of JEROME WALSH, deceased, | ) Arizona Supreme Court<br>) No. CV-11-0198-PR<br>)<br>) Court of Appeals<br>) Division One<br>) No. 1 CA-CV 09-0751<br>) |
| Plaintiffs/Appellants, | ) Maricopa County<br>) Superior Court |
| v. | ) No. CV2006-003676<br>) |
| ADVANCED CARDIAC SPECIALISTS CHARTERED, | )<br>)<br>) **O P I N I O N** |
| Defendant/Appellee. | )<br>) |

Appeal from the Superior Court in Maricopa County
The Honorable Thomas Dunevant, III, Judge (Retired)
The Honorable Dean M. Fink, Judge

**REVERSED AND REMANDED**
_____

Opinion of the Court of Appeals Division One
227 Ariz. 354, 258 P.3d 172 (App. 2011)

**VACATED**
_____

COPPLE & COPPLE PC                                          Phoenix
     By   Steven D. Copple
          S. Christopher Copple

And

LAW OFFICE OF SCOTT E. BOEHM PC                             Phoenix
     By   Scott E. Boehm
Attorneys for Elizabeth Walsh, Annette Forrester, Scott
          Walsh, Jerome Walsh, Steven Walsh, and Lisa
          Cline

JARDINE BAKER HICKMAN & HOUSTON PLLC                        Phoenix
     By   Neil C. Alden
          Curtis M. Bergen

And

JENNINGS STROUSS & SALMON PLC                               Phoenix
     By   John J. Egbert
Attorneys for Advanced Cardiac Specialists Chartered

SNELL & WILMER LLP                                          Phoenix
     By   Barry D. Halpern
          Sara J. Agne
Attorneys for Amicus Curiae Arizona Medical Association

HUMPHREY & PETERSEN PC                                      Tucson
     By   Andrew J. Petersen
Attorney for Amicus Curiae Arizona Association of
          Defense Counsel

_____

**P E L A N D E R**, Justice

¶1      The issue presented is whether wrongful death claimants whose trial testimony on damages is uncontroverted, but who receive a jury verdict awarding zero damages, are entitled to a new trial on damages as a matter of law.  We hold that a jury may award no compensation in these circumstances if it deems that award to be fair and just.  Although a new trial is not automatically required, the trial court may grant one pursuant to Arizona Rule of Civil Procedure 59(a) if it determines the award is insufficient or not justified by the evidence.

2

¶2      Jerome and Elizabeth Walsh resided in Minnesota and wintered in Arizona.   Jerome underwent heart surgery in 2003. He became ill while in Arizona the next winter and was treated by physicians employed by Advanced Cardiac Specialists Chartered (ACS).   After Jerome returned to Minnesota, doctors determined that his replacement valve was infected.   Jerome died a day after being admitted to a Minnesota hospital.

¶3      Elizabeth and the couple's four adult children filed this wrongful death action against ACS and its employees, claiming they caused Jerome's death by failing to diagnose and treat the infection.   At trial, Elizabeth and each of the children testified extensively about their warm relationship with Jerome and the loss they experienced from his death.   This testimony was not contested by the defense: the children were not cross-examined on the issue, no contradictory evidence was presented, and counsel in closing argument did not question the damage testimony.   The jury found in favor of Elizabeth and the children, awarding $1 million to Elizabeth, but noting "0" on the verdict form in the spaces designated for each child's damages.

¶4      The children moved for a new trial under Rule 59(a)(5), arguing insufficient damages, and Rule 59(a)(8),

contending the verdict was not justified by the evidence. Citing *White v. Greater Arizona Bicycling Association*, 216 Ariz. 133, 163 P.3d 1083 (App. 2007), and *Sedillo v. City of Flagstaff*, 153 Ariz. 478, 737 P.2d 1377 (App. 1987), the trial court determined that the verdict was "internally inconsistent and not responsive" because "the liability finding required an award at least of uncontroverted damages." But the court denied the motion for a new trial, concluding that the children had waived the issue under Arizona Rule of Civil Procedure 49(c) by not objecting to the inconsistent verdict before the jury was discharged. *See Trustmark Ins. Co. v. Bank One, Ariz., NA*, 202 Ariz. 535, 543 ¶¶ 38-39, 48 P.3d 485, 493 (App. 2002) (holding that plaintiff who failed to object under Rule 49(c) had waived argument that new trial was required due to inconsistency of jury's findings for plaintiff without awarding damages in negligence action).

¶5     The court of appeals affirmed, but on different grounds. It concluded that "the rule announced in *White* and *Sedillo* that '[t]here must be support in the record, however slight, for a jury's decision to disregard a witness's testimony' is wrong." *Walsh v. Advanced Cardiac Specialists Chartered*, 227 Ariz. 354, 360 ¶ 22, 258 P.3d 172, 178 (App. 2011) (quoting *White*, 216 Ariz. at 140 ¶ 22, 163 P.3d at 1090).

4

Agreeing instead with the *White* and *Sedillo* dissents, *id.* at 356 ¶ 8, 258 P.3d at 174, the court held that a jury in a wrongful death action may award zero damages — even absent contradictory evidence on damages — "because (1) the burden is on a plaintiff to prove damages, (2) that burden does not shift, and (3) a jury is free to disregard the evidence that a plaintiff produces." *Id.* at 360 ¶ 22, 363 ¶ 30, 258 P.3d at 178, 181. Because a wrongful death award of zero damages is permissible, the court found the Rule 49(c) waiver issue moot and remanded the case for the trial court to consider the children's Rule 59(a) motion for a new trial. *Id.* at 356 ¶ 8, 363 ¶ 34, 258 P.3d at 174, 181.

¶6 We granted review because the opinion below conflicts with *White* and *Sedillo*, and the issue presented is one of statewide importance. *See* Ariz. R. Civ. App. P. 23(c)(3). We have jurisdiction under Article 6, Section 5(3) of the Arizona Constitution and A.R.S. § 12-120.24 (2003).

## II.

¶7 There was no action for wrongful death at common law. *In re Lister's Estate*, 22 Ariz. 185, 187, 195 P. 1113, 1113 (1921). England created such an action by statute in 1846, and most states have since enacted wrongful death laws. *Id.; Summerfield v. Superior Court*, 144 Ariz. 467, 470-71, 698 P.2d 712, 715-16 (1985). Arizona's statute provides that "[w]hen

5

death of a person is caused by wrongful act, neglect or default, . . . the person who . . . would have been liable if death had not ensued shall be liable to an action for damages."  A.R.S. § 12-611.  The statutory scheme directs that "the jury shall give such damages as it deems fair and just with reference to the injury resulting from the death to the surviving parties who may be entitled to recover, and also having regard to the mitigating or aggravating circumstances attending the wrongful act, neglect or default."  A.R.S. § 12-613.

¶8      Damages awardable under the wrongful death statutes differ in some respects from damages in common-law negligence cases.  In the latter, damages are based on any injuries proximately caused by the defendant's negligence.  *Gipson v. Kasey*, 214 Ariz. 141, 143 ¶ 9, 150 P.3d 228, 230 (2007).  In contrast, wrongful death damages are statutorily limited to injuries "resulting from the death," § 12-613, which may include the decedent's prospective earning capacity; the loss of companionship, comfort, and guidance caused by the death; and the survivor's emotional suffering, but not the decedent's own pain and suffering.  *See Summerfield*, 144 Ariz. at 472, 698 P.2d at 717; *Mullen v. Posada Del Sol Health Care Ctr.*, 169 Ariz. 399, 400, 819 P.2d 985, 986 (App. 1991).

¶9        Damages are an indispensable element of a common-law negligence claim. *Glaze v. Larsen*, 207 Ariz. 26, 29 ¶ 15, 83 P.3d 26, 29 (2004). Thus, in a negligence case, a verdict in favor of the plaintiff awarding zero damages is internally inconsistent. *See Gipson*, 214 Ariz. at 143 ¶ 9, 150 P.3d at 230 (negligence claim requires proof of "actual damages"); *Trustmark*, 202 Ariz. at 543 ¶ 38, 48 P.3d at 493. But damages are not an essential element of a statutory wrongful death claim. Because the jury may award whatever amount "it deems fair and just," § 12-613, the jury is not statutorily required to award any compensation. *See Quinonez ex rel. Quinonez v. Andersen*, 144 Ariz. 193, 198, 696 P.2d 1342, 1347 (App. 1984) (affirming jury award of zero damages in wrongful death case when plaintiff, decedent's husband, had an abusive relationship with her).

¶10       The children acknowledge that a verdict awarding zero damages may be appropriate in some wrongful death cases. But they contend that they are entitled to a new trial as a matter of law, because the testimony about their close, loving relationship with their father was uncontested. The children cite several cases in which this Court stated that a jury may not arbitrarily reject uncontradicted evidence. *See O'Donnell v. Maves*, 103 Ariz. 28, 32, 436 P.2d 577, 581 (1968); *Ft. Mohave*

7

*Farms, Inc. v. Dunlap*, 96 Ariz. 193, 198, 393 P.2d 662, 665 (1964); *In re Schade's Estate*, 87 Ariz. 341, 348, 351 P.2d 173, 178 (1960).

¶11     Those cases, however, do not involve wrongful death claims, in which the jury must subjectively value the plaintiff's damages and award the amount it deems "fair and just." *See Hernandez v. State*, 128 Ariz. 30, 32, 623 P.2d 819, 821 (App. 1980) ("Translation into dollars of the loss of companionship, affection, and society, and the anguish the [survivors] experienced as a result of [the decedent's] death is peculiarly the jury's function. . . . Each case must be considered on its own facts."); *see also Patison v. Campbell*, 337 S.W.2d 72, 75 (Mo. 1960) ("It is difficult to put a pecuniary value on human life.  The jury has an extraordinarily wide discretion in determining the amount of compensation for a wrongful death [based on what it deems 'fair and just'], and the verdicts of different juries will differ widely upon similar facts.").

¶12     Moreover, although Arizona cases generally prohibit juries from arbitrarily rejecting undisputed evidence, we have long recognized that a jury may appropriately discredit a witness's uncontradicted testimony for various reasons, including the witness's personal interest in the case.  *Estate*

of *Reinen v. N. Ariz. Orthopedics, Ltd.*, 198 Ariz. 283, 287 ¶ 12, 9 P.3d 314, 318 (2000) ("The court or jury is not compelled to believe the uncontradicted evidence of an interested party."); *In re Wainola's Estate*, 79 Ariz. 342, 346, 289 P.2d 692, 695 (1955) (stating that a factfinder is not "bound to accept as true the testimony of disinterested witnesses unless in the whole case there are no circumstances or matters which cast suspicion upon or impair its accuracy").

¶**13**      *White* and *Sedillo* thus erred in concluding as a matter of law that, in a wrongful death case, "[a] jury may not properly disregard the testimony of a witness, even an interested one, without some reason to do so that is apparent from the record."  *White*, 216 Ariz. at 141 ¶ 29, 163 P.3d at 1091; *see also Sedillo*, 153 Ariz. at 482-83, 737 P.2d at 1381-82.

¶**14**      In this case, the jury might have accepted the children's testimony about their loss, but nonetheless decided, given all the circumstances, that awarding no damages was "fair and just."  Moreover, the children's damage claims are based solely on their own testimony.  The children are interested witnesses, and the jury may thus have discounted their testimony on that ground.  The jury verdict awarding no damages to the children was not impermissible as a matter of law.

¶15 The children argued in their new trial motion that the evidence does not support the verdict of zero damages. As the court of appeals noted, although the verdict is not defective on its face, the trial court may nonetheless determine, in its discretion, that a new trial is appropriate. When ruling on a motion for new trial, a trial court must "pass on the weight of the evidence" to determine if "substantial justice has not been done between the parties." *Smith v. Moroney*, 79 Ariz. 35, 38, 282 P.2d 470, 472 (1955) (internal quotation marks omitted). In that role, the trial judge sits as a "thirteenth juror (the ninth juror in a civil case)," *Hutcherson v. City of Phoenix*, 192 Ariz. 51, 55 ¶ 23, 961 P.2d 449, 453 (1998) (internal quotation marks omitted), and has broad discretion to find the verdict inconsistent with the evidence and grant a new trial. *See Begay v. City of Tucson*, 148 Ariz. 505, 507-08, 715 P.2d 758, 760-61 (1986) (concluding that trial court did not abuse its discretion in ordering a new trial for decedent's child, who was awarded no damages for wrongful death, although decedent's parents obtained damage award).

¶16 *White* aptly observed that appellate courts are not in the best position to distinguish between verdicts in which the jury acted arbitrarily or appropriately. 216 Ariz. at 140 ¶ 22,

163 P.3d at 1090.  But having had the opportunity to see and hear the witnesses, the trial judge, as the "ninth juror," guards against arbitrary verdicts by granting motions for a new trial when appropriate.  *See City of Glendale v. Bradshaw*, 114 Ariz. 236, 238, 560 P.2d 420, 422 (1977) (determining whether verdict is against the weight of the evidence "is uniquely within the province of the trial judge").

¶17    Contrary to the children's argument, the trial court did not address on the merits the children's motion for a new trial under Rule 59(a).  Instead, relying on *White* and *Sedillo*, the court concluded that the children waived the argument by not objecting under Rule 49(c) before the jury was discharged.[1]  In light of our disapproval of those two cases, we remand to the superior court to consider, in the first instance, whether the award of zero damages was insufficient or not justified by the evidence.  *See State v. Caraveo*, 222 Ariz. 228, 233 ¶ 23, 213 P.3d 377, 382 (App. 2009) (remanding to the superior court to decide issue under proper standard "rather than deciding the issue in the first instance on the record before us").  We

---

[1]    Because the jury's award of zero damages to the children was neither "defective" nor "[un]responsive to the issue submitted to the jury," the court of appeals correctly concluded that "Rule 49(c) is not implicated, and the waiver issue is moot." *Walsh*, 227 Ariz. at 356 ¶ 8, 258 P.3d at 174.

11

express no opinion on whether a new trial is appropriate.[2]

**IV.**

¶18      For the reasons stated, we overrule *White* and *Sedillo*, vacate the opinion of the court of appeals, reverse the superior court's order denying the children's motion for a new trial, and remand the case for that court to consider the motion on its merits.


_____
                 A. John Pelander, Justice

CONCURRING:


_____
Rebecca White Berch, Chief Justice


_____
Andrew D. Hurwitz, Vice Chief Justice


_____
W. Scott Bales, Justice


_____
Robert M. Brutinel, Justice

_____

[2]      The children note that the original trial judge has retired.  That judge, however, may be recalled to consider the motion if he agrees to do so.  *See* Ariz. Const. art. 6, § 20; *see also Kelley v. State*, 637 So. 2d 972, 973, 977 (Fla. App. 1994).   If he is not available, the superior court should nonetheless consider the motion in the first instance.