NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

LAURIE WHITE, *Plaintiff/Appellant*,

*v.*

1ST CHOICE SURFACES LLC, et al., *Defendants/Appellees*.

No. 1 CA-CV 19-0206

FILED 4-23-2020

---

Appeal from the Superior Court in Maricopa County
No. CV2017-006495
The Honorable Daniel J. Kiley, Judge

**AFFIRMED**

---

COUNSEL

Law Office of Timothy M. Collier PLLC, Scottsdale
By Timothy M. Collier, Krystle Delgado
*Counsel for Plaintiff/Appellant*

Brian A. Hatch PLLC, Scottsdale
By Brian A. Hatch
*Counsel for Defendants/Appellees*

---

**MEMORANDUM DECISION**

---

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Paul J. McMurdie and Judge Jennifer B. Campbell joined.

---

C A T T A N I, Judge:

¶1 Laurie White appeals a jury verdict in favor of 1st Choice Surfaces LLC ("1st Choice") and James Dimond (collectively, "Appellees") and the superior court's denials of her motions for judgment as a matter of law and motion for a new trial. For reasons that follow, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2 In 2016, White contracted with 1st Choice to perform tile flooring, drywall, and cabinetwork at her home. At all relevant times, 1st Choice held a CR60 license issued by the Arizona Registrar of Contractors ("ROC").

¶3 White was dissatisfied with 1st Choice's work and filed a complaint with the ROC. In July 2017, ROC investigator Jack Grimm wrote 1st Choice, stating that the company "may have operated beyond the scope of [its] CR60 license" because the evidence "suggested that [1st Choice] bid on, contracted for, or performed work that would require a CR-8 or CR48 [f]loor covering license." The ROC later issued a directive requiring 1st Choice to perform seven corrective work items.

¶4 Following a hearing on White's ROC complaint, an administrative law judge ("ALJ") issued a final decision and order finding that 1st Choice did not comply with the ROC directive. The ALJ stated that "1st Choice was not licensed to install tile," and that:

> Both parties offered testimony regarding the issue of whether [1st Choice] performed construction work outside the scope of his license when he installed the tile. In this matter, the Registrar issued a warning letter to [1st Choice] regarding the performance of construction work outside the scope of his license. However, the Registrar did not allege in its Citation that [1st Choice] violated [A.R.S. §] 32-1154(A)(16). . . . Therefore, the issue of performing work outside the scope of

the license is not before the [ALJ] and the [ALJ] will not make any findings of fact regarding the issue.

¶5 White then sued Appellees for breach of contract, negligence, negligent misrepresentation, and other claims, alleging that they "were not, and do not currently, hold a valid Arizona Contractor's license to perform the work contracted for."[1] Citing to ROC's rulings, White moved for partial summary judgment on this issue, which the superior court denied because the ALJ "expressly stated . . . that the issue of whether 1st Choice performed work outside the scope of its license was 'not before' the ALJ, and that the ALJ would make no findings on that issue."

¶6 The case proceeded to trial, and White twice moved for judgment as a matter of law ("JMOL") under Arizona Rule of Civil Procedure ("Rule") 50(a) on the license issue—once at the close of her case and once at the close of evidence. The superior court denied both motions. The jury returned a verdict in favor of Appellees on all claims, and the superior court entered final judgment under Rule 54(c).

¶7 White then filed a 35-page renewed JMOL motion and motion for a new trial. *See* Ariz. R. Civ. P. 50(b), 59. She concurrently sought leave to exceed the page limits of Rule 7.1(a)(2) and Maricopa County Superior Court Local Rule ("Local Rule") 3.2(f). She again contended that "1st Choice . . . did not have the proper license to perform the work contracted for." This time, White cited to the testimony of Dimond, 1st Choice's owner, in a post-judgment ROC hearing and argued for the first time that the ALJ's final decision and order precluded 1st Choice from contending at trial that it was properly licensed to perform the tile work.

¶8 The court denied both motions, finding "no justification for [White's] inability to comply with the page limits." White timely appealed that order and the underlying judgment, and we have jurisdiction under A.R.S. § 12-2101(A)(1) and (5)(a).

## DISCUSSION

¶9 A court may grant a JMOL motion if it finds "that a reasonable jury would not have a legally sufficient evidentiary basis to find for the [non-moving] party on that issue" and the non-moving party has been fully heard on the issue. Ariz. R. Civ. P. 50(a)(1). We review the denial of a JMOL

---

[1] White voluntarily dismissed her alter ego and false advertising claims against Appellees and her breach of contract and breach of the covenant of good faith and fair dealing claims against Dimond.

motion de novo but construe the evidence in the light most favorable to Appellees. *See Dupray v. JAI Dining Servs. (Phx.), Inc.*, 245 Ariz. 578, 582, ¶ 11 (App. 2018).

**¶10**　　　As relevant here, a court may grant a motion for new trial based on (1) "misconduct of the . . . prevailing party," (2) "newly discovered material evidence that could not have been discovered and produced at the trial with reasonable diligence," or if (3) "the verdict . . . is not supported by the evidence or is contrary to law." Ariz. R. Civ. P. 59(a)(1)(B), (D), (H). We review the denial of a motion for new trial for an abuse of discretion. *Am. Power Prods., Inc. v. CSK Auto, Inc.*, 239 Ariz. 151, 154, ¶ 10 (2016).

## I.　　Trial Motions.

**¶11**　　　White contends that the superior court should have granted the JMOL motions she filed during trial because "the ROC had already determined 1st Choice . . . did not carry the correct license for the Work," and thus, there was a breach of the contract. Under Rule 50(a)(1), the court may grant judgment as a matter of law against a party only if that "party has been fully heard on an issue." White brought her first JMOL motion immediately after she rested her case-in-chief, before Appellees had a chance to present their case. Because the Appellees had not yet been fully heard on this issue, we affirm the denial of White's first JMOL motion.

**¶12**　　　White argues that her second JMOL motion should have been granted because the superior court should have concluded that the ROC's final determination and order resulted in both claim and issue preclusion. But these doctrines only apply when there has been a final decision on the merits. *See Howell v. Hodap*, 221 Ariz. 543, 546, ¶ 17 (App. 2009); *Campbell v. SZL Props., Ltd.*, 204 Ariz. 221, 223, ¶ 9 (App. 2003). Although it appears that both parties presented evidence regarding the scope of 1st Choice's license in the ROC hearing, the ROC did not allege a license violation, and the ALJ expressly declined to reach that issue.

**¶13**　　　White cites the ALJ's finding that "1st Choice was not licensed to install tile," but that finding was not final or conclusive given the ALJ's corollary statement that licensure was not at issue. White thus did not meet her burden of showing the issue was litigated, determined, and necessary to the decision in the previous case. *See Airfreight Express Ltd. v. Evergreen Air Ctr., Inc.*, 215 Ariz. 103, 109, ¶ 15 (App. 2007).

**¶14**　　　White also argues that under A.R.S. § 32-1153, 1st Choice could not validly contract with her because the company was not properly licensed to perform tile work. But § 32-1153 simply states that an

unlicensed contractor may not "commence or maintain any action . . . for collection of compensation for the performance of any act for which a license is required." That statute does not bar an unlicensed contractor from *defending* a lawsuit. *See, e.g.*, *Bentivegna v. Powers Steel & Wire Prods., Inc.*, 206 Ariz. 581, 587, ¶ 20 (App. 2003); *Miller v. Superior Court*, 8 Ariz. App. 420, 423 (App. 1968). Accordingly, the court did not err by denying White's JMOL motions.

## II.    Post-Trial Motions.

**¶15**        The court did not reach the merits of White's renewed JMOL motion and motion for a new trial because she did not comply with the applicable page limits. White challenges that ruling only by asserting that she "could not adequately address" all relevant issues within the page limits, a bare assertion that is insufficient to establish a meritorious basis for her failure to comply with the required page limits.

**¶16**        Moreover, the issues raised in the post-trial motion did not establish a basis for relief. To the extent her post-trial motion re-raised issues presented in her earlier motions, her arguments are unavailing for the reasons detailed above. And to the extent the post-trial motion raised new issues, her arguments lacked merit.

### A.    Dimond's Post-Judgment Testimony.

**¶17**        First, White contends that Dimond's post-judgment ROC hearing testimony constituted newly discovered evidence under Rule 59(a)(1)(D) and merited a new trial. However, Rule 59(a)(1)(D) applies only to evidence that existed at the time of judgment but was not discovered until after the judgment was rendered. *Boatman v. Samaritan Health Servs., Inc.*, 168 Ariz. 207, 212 (App. 1990); *Wendling v. Sw. Sav. & Loan Ass'n*, 143 Ariz. 599, 602 (App. 1984). Dimond testified in January 2019, three months after the jury rendered its verdict and after the superior court entered Rule 54(c) judgment. Accordingly, this testimony is outside the scope of Rule 59(a)(1)(D).

**¶18**        White also contends that Dimond's testimony in the ROC proceeding evinced a fraud on the court in this case. 1st Choice counters that later testimony during the ROC proceeding clarifies Dimond's testimony. Regardless, White cites no authority suggesting conflicting evidence in a later administrative hearing requires a reversal under Rule 59(a)(1)(B) based on a party's misconduct. Accordingly, White has not demonstrated that Dimond's post-trial testimony in a different proceeding should have resulted in a new trial in the instant case.

### B.     Jury Instructions.

**¶19**     Second, White argues that the jury did not follow several of the final jury instructions.   But jurors are presumed to follow jury instructions, *Ryan v. S.F. Peaks Trucking Co., Inc.*, 228 Ariz. 42, 46, ¶ 12 n.5 (App. 2011), and White does not overcome this presumption.

**¶20**     White asserts that the jury did not follow the burden of proof instruction and failed to consider her "plethora of evidence," which she contends "significantly outweighed . . . Appellees' evidence."   But it was the jury's role to weigh the evidence at trial, and we do not reweigh the evidence on appeal.  *Brown v. U.S. Fid. & Guar. Co.*, 194 Ariz. 85, 92, ¶ 36 (App. 1998).

**¶21**     White also cites the ALJ's determination that "the issues found by Investigator Grimm constituted workmanship issues" and argues that this determination demonstrates that the preponderance of the evidence supports her claim.   But the jury was not obligated to accept that conclusion.   And other record evidence suggested that White (who was responsible for providing the tile to be installed) did not purchase the proper tiles and did not allow 1st Choice to enter her home to perform corrective work, facts on which the jury could have relied in reaching its determination.

**¶22**     Further, White contends that the jury apparently did not follow the instructions regarding breach of the covenant of good faith and fair dealing and negligent misrepresentation, given White's testimony that the ROC license number on her contract led her to believe 1st Choice was properly licensed.   But the jury was free to discount or discredit White's testimony on this issue even though it was uncontested.  *See Walsh v. Advanced Cardiac Specialists Chartered*, 229 Ariz. 193, 197, ¶ 12 (2012) ("[A] jury may appropriately discredit a witness's uncontradicted testimony for various reasons, including the witness's personal interest in the case.").

**¶23**     White also contends that the jury ignored the negligence instruction by not considering her testimony that 1st Choice had been "careless" by causing "damage to her new toilet, sink, the bathroom tile, and . . . landscaping."   But there was contrary evidence in the trial record, and the jurors were free to give her testimony the weight they thought it deserved.  *See Kuhnke v. Textron, Inc.*, 140 Ariz. 587, 591 (App. 1984) ("The credibility of a witness' testimony and the weight it should be given are issues particularly within the province of the jury.").   Accordingly, White has not established that the jury failed to follow any of its instructions.

## III. Sufficiency of the Evidence.

¶24        Finally, White argues that the verdict was inconsistent with the evidence presented at trial.  We review the evidence in the light most favorable to upholding the verdict and will affirm if substantial evidence supports it.  *S Dev. Co. v. Pima Capital Mgmt. Co.*, 201 Ariz. 10, 23, ¶ 42 (App. 2001).

¶25        White first repeats the claim preclusion and issue preclusion arguments addressed above.  She then presents a lengthy summary of Grimm's testimony, but she overlooks Grimm's admissions that (1) the warning letter he sent 1st Choice only stated that it "may have" performed work outside of its license and (2) the ROC did not cite 1st Choice for exceeding the scope of its license.  Moreover, Dimond testified that 1st Choice's license included flooring and natural stone materials.  White contends this testimony was not credible given Dimond's later testimony in the post-judgment ROC hearing.  But his subsequent testimony was not before the jury, which makes credibility determinations at the time of trial. *See Zuluaga v. Bashas', Inc.*, 242 Ariz. 205, 212, ¶ 21 (App. 2017).  Accordingly, White has failed to show that the jury's verdict was not supported by substantial evidence.

## IV. Attorney's Fees and Costs on Appeal.

¶26        Appellees request their attorney's fees incurred in this appeal under A.R.S. § 12-341.01(A), which permits a discretionary award to the successful party in an action arising out of a contract.  In an exercise of our discretion, we decline to award Appellees attorney's fees.  As the prevailing parties on appeal, Appellees are entitled to taxable costs incurred in this appeal upon compliance with ARCAP 21.

**CONCLUSION**

¶27        We affirm the judgment and the denials of White's JMOL and new trial motions.



AMY M. WOOD • Clerk of the Court
FILED:    AA